**In re Charles Hamilton LORREN, Jr., a/k/a Chuck H. Lorren, Debtor.**

**FIDELITY UNION LIFE INSURANCE COMPANY, Plaintiff,**

**v.**

**Charles H. LORREN, Defendant.**

**Bankruptcy No. 84–2127.**
**Adv. No. 84–0375.**

United States Bankruptcy Court,
N.D. Alabama, S.D.

Dec. 21, 1984.

John L. Cole, Birmingham, Ala., for debtor.

Julia Smeds Stewart, Birmingham, Ala., Allan B. Diamond, Dallas, Tex., for plaintiff.

A.J. Beck, Birmingham, Ala., Interim Trustee.

## MEMORANDUM OPINION

GEORGE S. WRIGHT, Bankruptcy Judge.

Two issues are before the Court: (1) The Court must determine whether the bankruptcy court has subject matter jurisdiction of the objection to discharge and the dischargeability complaint under Section 727 and 523(a)(2), (4), and (6)[1] of the Code respectively, and (2) the Court must also decide whether abstention under 28 U.S.C. Section 1334(c)(1) (1984) or 28 U.S.C. Section 1334(c)(2) (1984) would be appropriate or is required under the facts of this case.

## STATEMENT OF THE CASE

1. On July 20, 1980, Charles Hamilton Lorren, Jr., the debtor-defendant, (hereinafter "Lorren") entered into three agency agreements to sell life insurance with Fidelity Union Life Insurance Company, the plaintiff, (hereinafter called "Fidelity").

2. Lorren resigned or was terminated by Fidelity on May 16, 1983.

3. Fidelity filed suit against Lorren in the 192nd District Court of Dallas County,

---

**1.** This issue was properly raised by Motion to Dismiss in accordance with FRCP Rule 12(h)(2).

See *In re Roberts,* 460 F.Supp. 88, 92 (N.D.Ga. 1978).

Texas (hereinafter the "Dallas Action") to recover the overpayment of commissions. A proof of claim (Claim # 3) was filed on July 16, 1984 in Lorren's later Chapter 7 petition for $63,048.40 for such overpayment.

4. On April 19, 1984, Lorren filed a Chapter 7 petition in the Northern District of Alabama.

5. On June 21, 1984 Lorren, individually[2] filed a suit in the Circuit Court of Jefferson County, Alabama (hereinafter the "Birmingham Action") against Fidelity and four co-defendants under four counts: (1) Defamation, (2) Slander, (3) Right of privacy, and (4) Tort of outrage, based primarily on a letter written by Fidelity dated June 21, 1983 to policyholders, which had been sold by Lorren.

6. On July 16, 1984 Fidelity filed in this Court an objection to discharge and a dischargeability complaint based upon three separate theories: (1) Tortious interference of contract, (2) Misuse of trade secrets, and (3) Civil conspiracy. These objections are based upon the acts of Lorren after the termination of employment with Fidelity and reemployment with another insurance company for the alleged solicitation of prior policy holders of Fidelity and other actions by Lorren.[3]

7. On July 16, 1984, Fidelity filed a proof of claim for the commission overpayment that was the subject of the Dallas Action.

8. On July 30, 1984, Lorren filed a Motion to Abate or in the alternative Motion to Remand which was later withdrawn.

2. Although any cause of action which Lorren may have would be part of the bankruptcy estate under Section 541(a).

3. Fidelity did not classify the objection to discharge, however, on the BC104, Fidelity claimed a Section 727(a), Section 523(a)(2), Section 523(a)(4) and a Section 523(a)(6) classification for the nature of suit.

4. The Motion to Dismiss on the ground of failure to file a timely objection is without merit inasmuch as the objection was filed on the last

9. On October 29, 1984, Lorren filed a Motion to Dismiss based primarily on the lack of subject matter jurisdiction.[4]

10. On October 29, 1984, Lorren filed a Motion to Abstain based primarily on the pendency of the individually filed Birmingham Action, that the result of the continuation of these proceedings would be piecemeal litigation, and that the instant suit is based upon state law issues.

## CONCLUSIONS OF LAW

### I. SUBJECT MATTER JURISDICTION OF DISCHARGEABILITY

Regarding the jurisdiction of the bankruptcy courts, 3 *Collier on Bankruptcy* 523.05 (15th Ed. 1984) states:

The 1970 amendments to the Bankruptcy Act empowered the bankruptcy court to determine the dischargeability of particular debts, a type of jurisdiction not generally possessed theretofore. The provision in Bankruptcy Act section 17c granting such jurisdiction has been deleted from the Code in view of the comprehensive grant of jurisdiction prescribed in 28 U.S.C. Section 1471(b) which is adequate to cover the full jurisdiction that the bankruptcy courts had under the Bankruptcy Act over dischargeability and related issues under section 17c of the Act.

On June 28, 1982, the Supreme Court declared in a plurality opinion that the broad grant of jurisdiction to the Article I Bankruptcy Courts was unconstitutional. *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

On December 22, 1982, the Northern District of Alabama adopted the so-called Emergency or Model Rule[5] as a local rule,

day set for filing objections to discharge and complaints to determine dischargeability on July 16, 1984. Further, the ground of frivolity is itself frivolous and totally without merit.

5. Rule 83 of the Federal Rules of Civil Procedure empowers the district courts to make rules governing their practices. That rule provides:

**RULE 83. Rules by District Courts**
Each district court by action of a majority of the judges thereof may ·from time to time make and amend rules governing its practice

which provides that a Bankruptcy Judge may not enter a final judgment in "related proceedings". Emergency Rule (d)(3)(B) (December 22, 1982). Rule (d)(3)(A) defined "related proceedings" as follows:

(d) Powers of Bankruptcy Judges

....

(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include but are not limited to claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: ... proceedings to determine dischargeability of particular debts; proceedings to object to the discharge....

Emergency Rule (d)(3)(A) (December 22, 1982).

■ On July 10, 1984, the Bankruptcy Amendments and Federal Judgeship Act of 1984 (hereinafter the "1984 Amendment") adopted new jurisdictional organization, which re-adopted the provisions of 28 U.S.C. Section 1471(a) and (b) (1978) as 28 U.S.C. Section 1334(a) and (b) (1984). However, the District Court continued to have jurisdiction, but the *automatic* referral to the Bankruptcy Court by District Court contained in Section 1471(c) of the 1978 law was eliminated and a *permissive* referral

was adopted in 28 U.S.C. Section 157(a) (1984). The bankruptcy judges constitute a "unit of the district court to be known as the bankruptcy court", 28 U.S.C. Section 151 (1984) as opposed to "an adjunct to the district court". 28 U.S.C. Section 151 (1978). Section 104(a) of the 1984 Amendment labeled "Chapter 6—Bankruptcy Judges" clearly defines and distinguishes when the 1984 amendments are referring to "bankruptcy judges" and "district judges", whereas Section 101(a) of the 1984 Amendment readopted with minor modifications its predecessors and substituted "District" for "Bankruptcy" wherever it appeared. The net effect is to make ambiguous and unclear whether the reference in Section 101(a) of the 1984 Amendment is to the "district courts" or to "bankruptcy judges as a unit [6] of the district court." 28 U.S.C. Sections 151–158 (1984). This court concludes that the reference to the "district courts" throughout Section 101(a) of the Amendments, 28 U.S.C. Section 1334(a) and (b) (1984), must mean both the "district courts" and the "bankruptcy judges as unit of the district court," otherwise, Congress would have failed to vest the bankruptcy judges with any jurisdiction over cases and proceedings under title 11. The following chart [7] illustrates the jurisdictional and venue aspects of the 1984 Amendments:

not inconsistent with these rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules. F.R.C.P. 83.

The constitutionality of the Emergency or Model rule has been upheld by every circuit to have considered the question. *See In re Stewart,* 741 F.2d 127, 12 BCD 308 (7th Cir.1984); *In re Landmark Capital Co.,* 745 F.2d 1266 (9th Cir.1984); *In re Kaiser,* 722 F.2d 1574 (2d Cir. 1983); *In re Braniff Airways, Inc.,* 700 F.2d 214, 215 (5th Cir.) *cert. denied,* 461 U.S. 944, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983); *White Motor*

*Corp. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir. 1983); *In re Hansen,* 702 F.2d 728 (8th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983).

6. Unit is defined as: "a single thing or person or group that is a constituent and isolable member of some more inclusive whole; a member of an aggregate that is the least part to have clearly definable separate existence and that normally forms a basic element of organization within the aggregate ..." *Websters Third New International Dictionary* 2500 (1981).

7. *Cf.* Lundin, *The 1984 Bankruptcy Amendments: Holes in the Matrix,* Norton Bankr.L.Adviser, No. 11, Article 1 (November, 1984).

JURISDICTION AND VENUE UNDER 1984 AMENDMENTS

| 28 U.S.C. | GENERAL JURISDICTION § 1334(a) & (b) | PROPERTY JURISDICTION § 1334(d) | REFERRAL[3] TO—§ 157(a) WITHDRAWAL[4] FROM—§ 157(d) | BANKRUPTCY JUDGES HEAR & DETERMINE All Referred § 157(b) | ABSTENTION | VENUE[8] Pre-Petition Claims Trustee (or Debtor) As: Plaintiff | Defendant | Post-Petition Claims Trustee (or Debtor) As: Plaintiff | Defendant § 1409(e) |
|---|---|---|---|---|---|---|---|---|---|
| CASES | Original & Exclusive § 1344(a) | | ALL | ALL—§ 157(b)(1) | § 305(a)[5] Dismiss— (1) Interest of Creditors and Debtor (2) Foreign Proceedings | § 1408(a) 180 day domicile, residence, principal place of business or principal assets | | | |
| PROCEEDINGS | | Exclusive of All Property § 1334(d) | | | § 305(a)[5] Suspend— (1) Interest of Creditors and Debtor (2) Foreign Proceedings ; or | | | | |
| P R ARISING UNDER[1] (U) | Original (Trial) But Not Exclusive (Concurrent) § 1334(b) | " | ALL | CORE—§ 157(b)(1) | PERMISSIVE—§ 1334(c)(1)[6] | Home[10] Court Only § 1409(a) | Home Court[10] Only § 1409(a) | Non-BK Venue Court[11] Only | Home[10] Court or Non-BK Venue Court[11] |
| O C ARISING IN (I) | " | " | ALL | CORE—§ 157(b)(1) | PERMISSIVE—§ 1334(c)(1)[6] | Home[9,10] Court § 1409(a) or Non-BK Venue Court[9,11] § 1409(c) | Home Court[10] Only § 1409(a) | Non-BK Venue Court[11] Only | Home[10] Court ot Non-BK Venue Court[11] |
| E E D I N RELATED TO (R)[2] G S | " | " | ALL | CORE & NON-CORE Consent § 157(c)(2) NON-CORE—No Consent Must make Findings § 157(c)(1) | PERMISSIVE—§ 1334(c)(1)[6] and MANDATORY—§ 1334(c)(2) State Law Claim or Cause of Action With No Non-Bankruptcy Federal Jurisdiction[7] § 1334(c)(2) | Home Court[9,10] § 1409(a) or Non-BK Venue Court[9,11] § 1409(c) | Home Court[10] Only § 1409(a) | Non-BK Venue Court[11] Only | Home[10] Court or Non-BK Venue Court[11] |

NOTE: This chart purposely excludes two exceptions: (1) the Trial Lawyers Exception for personal injury tort or wrongful death contained in § 157(b)(2)(B); § 157(b)(5) and § 1412 and (2) Orders approving sale of property against non-claiming creditors § 157(b)(2)(N).

1. The meaning of "arising under" has been defined in Osborn v. Bank of US, 9 Wheat 738, 6 L.Ed. 204 (1824) See 28 USC § 1331(a)· Wright Handbook of the Law of Federal Courts, 3rd Ed. (1976), p. 63, means "a substantial claim founded 'directly upon federal [here, bankruptcy] law.'"

2. The meaning of "related to" is discussed and partially defined in Northern Pipeline Co. v. Marathon Pipe Line Co. 458 US 50, 87 (1982). See also Emergency Bankruptcy Rule I(3)(A) definition: "In absence of a petition in bankruptcy could have been brought in district or a state court."

3. Almost all District Courts have adopted a blanket referral rule. Eg. N.D. Ala. District Court Order dated 7/16/84 and 7/17/84.

4. WITHDRAWAL § 157(d) Permissive. For cause. Mandatory: When both Tit. 11 and other U.S. laws regulating org. or activities affecting interstate commerce. E.g. Labor, securities, anti-trust, etc.

5. 11 U.S.C. § 305(a)

6. Permissive Abstention—§ 1334(c)(1)
(a) Interest of Justice See Thompson v. Magnolia Petroleum 309 U.S. 478 (1940) (Unresolved State Law
(b) Interest of Comity
(c) Respect for State Law

7. Eg. Diversity—28 U.S.C. § 1332; federal question—28 USC § 1331

8. Venue is distinguished from jurisdiction, which is nationwide in the district court (meaning the bankruptcy court as a unit of the district court referred to by § 157(a)). Concurrent state jurisdiction venue is set by state venue statutes.

9. Plaintiff Small Claims (<$1,000 property or consumer $5,000) Exception must be brought only in District (meaning referred Bankruptcy Court) of Defendants residence. § 1409(b).

10. Home Court is defined as "the district court [meaning the § 157(a) referred bankruptcy court] in which the case is pending". § 1409(a)

11. "Non-BK Venue Court" is defined as "the district court [meaning the § 157(a) referred bankruptcy court] for the district where the State or Federal Court sits in which, under applicable non-bankruptcy venue provisions", an action may have been brought. § 1409(c)(d) & (e). Applicable non-bankruptcy venue provision can be Federal (Eg. 28 U.S.C. § 1391–1402) or State (Eg. § 6–3–1 et seq, Code of Alabama, 1975).

Section 157(b)(2) of the recently amended Title 28 defines "core proceedings" to "include, but are not limited to—

. . . .

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharge. 28 U.S.C. Section 157(b)(2)(I), (J) (1984)."

Professor Daniel R. Cowans, former Bankruptcy Judge and current Member of the National Bankruptcy Conference, discussed the new amendments in a recent article. Professor Cowans stated the following regarding 28 U.S.C. Section 157(b)(2)(I) and (J) (1978):

"(I) Determinations as to the dischargeability of particular debts;"

After a long struggle, bankruptcy courts in 1970 were permitted to determine dischargeability of debts. In light of the relatively recent authorization, it could be argued that such determinations are not inherently a part of what bankruptcy court does. Congressional inclusion in core proceedings seems to be an adequate reply.

"(J) Objections to discharges;"

This has long been regarded as a matter for determination by the bankruptcy court. It might be regarded as the stereotypical core proceeding.

Cowans, *The Bankruptcy Court and Its Jurisdiction*, 42 B.R. No. 2 (Nov. 13, 1984 Advance Sheet Yellow Sheets p. 17.)

■ Applying the foregoing to the instant case, the Court concludes that the "Bankruptcy Judge as a unit of the District Court" has subject matter jurisdiction, and the Motion to Dismiss is due to be overruled. *See In re Alabama Fuel Sales, Co.*, 44 B.R. 551 (B.C.N.D.Ala.1984) (Bankruptcy Court upheld subject matter jurisdiction of bankruptcy court to approve sale of leasehold as an asset of the estate). The District Court has permissively referred this matter to this Bankruptcy Judge under new Section 157(a) and the locally adopted Emergency Rule[8]. The Bankruptcy Judge in such a referred case may, therefore, *hear and determine* the dischargeability issues under Section 157(b)(1) including the issue of liability and amount[9].

## II. ABSTENTION UNDER SECTION 1334(c)(1) and SECTION 1334(c)(2)

New Section 1334(c)(2) (1984) providing for *mandatory* abstention is made inapplicable to cases pending on July 10, 1984 by Section 122(b), 1984 Amendments PL. 98–353 (July 10, 1984). (The instant case was filed on April 19, 1984).

■ New Section 1334(c)(1) is a *permissive* abstention provision, which provides:

Nothing is this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. Section 1334(c)(1) (1984). The power to abstain should be exercised sparingly and cautiously. *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 St.Ct. 628, 84 L.Ed. 876, (1940) (unresolved state law); *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 47 L.Ed.2d 483, (1976); *In re Lifeguard Indus., Inc.* 26 B.R. 858, 860 (Bktcy.S.D.Ohio 1983); *In re LaFayette Radio Electronics Corp.*, 8 B.R. 973, 976 (Bktcy.E.D.N.Y.1981).

■ The Court in the exercise of its discretion concludes that *permissive* abstention under 28 U.S.C. Section 1334(c)(1)

---

8. Local Rule of the District Court of the Northern District of Alabama adopted July 16, 1984 provides:

Pursuant to 28 U.S.C. Section 157(a), as amended by Public Law 98–353, 98 Stat. 333, all cases under title 11 and all proceedings arising under title 11 or arising in or related to a case under title 11 are hereby referred to the Bankruptcy Judges for this district.

9. *In re Vickers*, 546 F.2d 1149 (5th Cir.1977) (Proper for Bankruptcy Court to determine liability and amount on tort claim after determining non-dischargeable). In re *Roberts, supra.* (Proper for Bankruptcy Court to cancel fraudulent deed after determining non-dischargeable).

(1984) is also improper for several reasons. There is no pending proceeding that can determine the dischargeability issues including liability and amount. The present Birmingham action is for defamation, slander, right of privacy and tort of outrage against Fidelity and four co-defendants. Fidelity's bankruptcy cause of action would not be a compulsory counterclaim in the Birmingham action since the subject matter of the objection to discharge and complaint to determine dischargeability does not arise out of the transaction or occurrence that is the subject matter of the Birmingham action. *Cf.* F.R.C.P. Rule 13(a). Further, the Birmingham action would be for the benefit of the trustee in bankruptcy of the estate of Lorren under Sec. 541(a). *See Matter of Smith*, 640 F.2d 888, 892 (7th Cir.1981); 11 U.S.C. Sec. 704(1) (1978); *Cf. Lausier v. Goodwin*, 7 B.R. 476, 478 (Bktcy.D.Maine 1980) (right of rescission). Whereas, the dischargeability bankruptcy action would be for the benefit of Fidelity and would survive bankruptcy and be against Lorren individually and would be payable out of Lorren's post-petition earnings and assets. Further, this Court was the first court to exercise its jurisdiction inasmuch as the Birmingham action was filed post-petition by Lorren.

### CONCLUSION

The Court finds that: (1) it has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 1334(a), (b) (1984) and 28 U.S.C. Sections 157(a), (b) (1984) and (2) declines to abstain under Section 1334(c)(1) and (c)(2) as amended effective July 10, 1984. A separate order will be entered consistent with this opinion.