**In re The FRANKLIN PRESS, INC., Debtor.**

**The FRANKLIN PRESS, INC., Plaintiff,**

v.

**PACKARD PRESS, INC., Defendant.**

**Bankruptcy No. 83–02188–BKC–TCB.
Adv. No. 84–0716–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 15, 1985.

Daniel Lampert, Morgan, Lewis & Bockius, Miami, Fla., for defendant/Packard Press.

Ronald G. Neiwirth, Miami, Fla., for debtor/plaintiff.

THOMAS C. BRITTON, Bankruptcy Judge.

**ORDER OF ABSTENTION
AND DISMISSAL**

In this adversary proceeding, the chapter 11 debtor seeks recovery of a $48,000 post-petition account receivable from a Philadelphia customer. The defendant/customer has moved (C.P. No. 4) for dismissal, abstention or a continuance. The motion was heard on January 10.

There is no jurisdictional ground for dismissal. This is a non-core matter within this court's discretionary, statutory jurisdiction under 28 U.S.C. § 157. The venue would be in the appropriate district court in Pennsylvania. 28 U.S.C. § 1409(d). This court ought not to seriously consider performing the special master functions specified in § 157(c)(1) for the Pennsylvania court. Therefore, the issue here today is whether this adversary proceeding should be transferred to the Pennsylvania district court or whether the bankruptcy court should abstain.

I believe the bankruptcy court should abstain for the following reasons. The defendant intends to assert a significant counterclaim. The issues presented by both the debtor and the defendant involve solely questions of state law. The issue is substantial enough to probably require appeal or trial de novo before the district court. The bankruptcy court cannot perform its function of providing a speedy forum for all matters which can only be tried in this court if it undertakes the trial of a substantial number of matters as to which it has concurrent jurisdiction.

The debtor's only asserted reason for presenting this issue in this court is that its resolution is important to, but not critical for, the success of its plan (C.P. No. 86) which was filed on December 19 and will shortly be considered by the creditors and for confirmation. Paragraph X of page 10 of the plan, provides an immediate 10% dividend to all general creditors under option A. The plan provides an option B of a 20% immediate dividend to creditors:

"subject to the collection by the debtor of an account receivable of approximately $48,000 from Packard Press, of Philadelphia, Pennsylvania."

The fact that the debtor has made this alternative commitment does not alter the fact that the ultimate resolution of the conflicting claims of these two parties cannot realistically be resolved before the creditors vote on this plan and before this court's confirmation hearing. There is, therefore, no really good reason why this case should not be tried exactly as it would have been tried had there been no bankruptcy proceeding.

Although I believe that the bankruptcy court has discretion to abstain under 28 U.S.C. § 1334(c)(1), it is at least arguable that the bankruptcy court may only recommend abstention to the district court. For that reason, I presume that this order of abstention may be appealed to the District Court for this District. If my conclusion on any point is in error, the District Court may then accept this order as a recommendation and may render the appropriate decision.

Having elected to abstain, it remains only for me to dismiss this adversary proceeding without prejudice. Each party shall bear its own costs.