In re D.L. McKINNEY, Debtor.

The NEW FARMERS NATIONAL BANK OF GLASGOW, Plaintiff,

v.

D.L. McKINNEY, James Dishman, Henry H. Dickinson, Trustee, Defendants.

Bankruptcy No. 18300582.
Adv. No. 1840018.

United States Bankruptcy Court, W.D. Kentucky.

Jan. 25, 1985.

Jon Goodman, Munfordville, Ky., for debtor-defendant.

Henry H. Dickinson, Glasgow, Ky., bankruptcy trustee.

Carla Allen, Glasgow, Ky., for plaintiff.

Patrick A. Ross, Horse Cave, Ky., for defendant-Dishman.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

. ■ In witness to the effectiveness of the Bankruptcy Amendments and Federal Judgeship Act of 1984 and its curtailment of bankruptcy jurisdiction, we decline in this case, as in four others of recent date,[1] to adjudicate a pending adversary proceeding. Our reason is lack of jurisdiction.

Leaving aside the names, dates, amounts and other particulars, the essence of this dispute is the priority of liens, as between a properly perfected secured creditor and a landowner claiming under a state landlord's lien statute, to the proceeds of a tobacco crop grown and sold by a tenant farmer who later declared bankruptcy.

The issue is exclusively between those two parties. Neither the debtor nor the trustee in bankruptcy have any concern whatsoever in the outcome. The debtor has expressly disclaimed any interest, and the trustee has not even bothered to file a responsive pleading.[2]

We explored at some length in *Re Dr. C. Huff Company, Inc.*[3] the effect of the 1984 Act on pending proceedings, but will repeat and modestly enlarge on that analysis here for the benefit of counsel who will be receiving what must be, for them, an unanticipated nonresult.

New Section 157(b)(2)(K) of the Bankruptcy Code includes within the category of "core proceedings", and therefore makes responsive to treatment by bankruptcy courts, "determinations of the validity, extent, or priority of liens". While that language would apparently be broad enough to encompass the present proceeding, we have interpreted that statute "as empower-

---

1. *In re Dr. C. Huff Company, Inc.*, 44 B.R. 129 (Bkrtcy.W.D.Ky.1984); *In re Cole*, 45 B.R. 690 AP No. 1840017, Jan. 14, 1985; *In re Goree*, 45 B.R. 704 No. 38001860, Jan. 15, 1985; *In re Klein*, AP No. 3840127, Jan. 7, 1985 (unreported). *Huff* was a case of lack of jurisdiction; *Cole, Goree* and *Klein* were abstension cases.

2. The trustee clearly anticipated a dismissal for want of jurisdiction; otherwise, his failure to plead could have resulted in default judgment in favor of the secured creditor-plaintiff. Even that outcome, however, would not have concerned the trustee, as it would have had no adverse effect on estate property.

3. Supra note 1.

ing us *only* to make 'determinations of the validity, extent, or priority of liens' *upon property of the estate."* [4] That implicit limitation pervades the entire Bankruptcy Code, of course, for it is only upon "property of the estate" that this Court has ever been permitted to have any direct judicial impact.[5]

Our summary treatment of the facts of this case does not mean that the court has not carefully reviewed all of the relevant facts; quite to the contrary, our search for a legitimate handhold on the case was quite thorough, however unsuccessful.

 The only tenuous link to jurisdiction, or at least the creditors might so argue, is the fact that the disputed $2,107.34 is being held by the trustee. But the trustee has not made, nor could he make, a legitimate claim on the funds, not even for the paltry commission he would realize on a general distribution.[6] It should go without saying that mere possession by the trustee of a disputed asset cannot confer jurisdiction if it is otherwise without a statutory basis. Nor is jurisdiction created by the fact that the trustee holds his office by court appointment. In the context of this case the trustee must be regarded as that lowest of creatures in the law of personal property, the gratuitous involuntary bailee,[7] and like him, may be sued wherever he may be found—but only in a court of proper jurisdiction.

Directly applicable here is the operative holding in the *Huff* case:

> Neither under the 1984 Act nor according to pre-*Marathon* court decisions does this case come within our reach. It does not involve either property of the debtor or property of the estate. Any decisions by this court would have no effect whatsoever on any aspect of the debtor's bankruptcy proceeding . . .

In conclusion we hold that a bankruptcy court lacks the jurisdiction to either hear or decide private lien priority disputes between two creditors which do not directly or indirectly affect the debtor or his property.[8]

For the above reasons the within proceeding shall stand DISMISSED with prejudice. An appropriate order will be entered today.

---

4. *Id.*

5. Our most expansive definition of "property of the estate" came in *In re Hurricane Elkhorn Coal Corp. II,* 19 B.R. 609 (Bkrtcy.W.D.Ky.1982). As a necessary adjunct to the administration of estate property, the court also may administer property of the debtor, for example in the allowance or disallowance of exemptions and the avoidance of liens.

6. The trustee is not entitled to charge a commission for the disposition of fully secured assets, *In re Lambert Implement Co., Inc. et al.,* 44 B.R. 860 (Bkrtcy.W.D.Ky.1984).

7. Actually the gratuitous involuntary bailee is the second-lowest ranking person claiming rights in personal property. He ranks just above the thief.

8. *In re Dr. C. Huff Company, Inc.,* supra note 1, 44 B.R. at 135.