In the Matter of CLIMATE CONTROL ENGINEERS, INC., Debtor.

CLIMATE CONTROL ENGINEERS, INC., Plaintiff,

v.

SOUTHERN LANDMARK, INC.; Air Enterprises, Inc.; and Castle Supply Company, Inc., Defendant.

Bankruptcy No. 84–2907.
Adv. No. 85–88.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 9, 1985.

Don M. Stichter, Tampa, Fla., for plaintiff.

Thomas B. Mimms, Jr., Tampa, Fla., for Southern Landmark, Inc.

Steven L. Selph, St. Petersburg, Fla., for Castle Supply Co., Inc.

ORDER ON DEFENSIVE MOTIONS OF SOUTHERN LANDMARK, INC. AND CASTLE SUPPLY COMPANY, INC.

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matters under consideration are several defensive motions filed in the above-captioned adversary proceeding. The Complaint filed by Climate Control Engineers, Inc. (Climate Control) named as defendants Southern Landmark, Inc. (Southern); Air Enterprises, Inc. (Air Enterprises) and Castle Supply

Co., Inc. (Castle Supply). The Motions under consideration were filed by both Castle Supply and Southern and are (1) Objection to Jurisdiction; (2) Motion to Determine Nature of Proceeding; and (3) Motion to Abstain, or in the Alternative, Motion to Withdraw Reference.

Inasmuch as the question of jurisdiction must be resolved first, the initial inquiry must be addressed to the question whether or not the proceeding is a "core" or a "related proceeding" within the meaning of the terms as defined by 28 U.S.C. § 157(b).

Climate Control sets forth several claims against the various Defendants in separate Counts. In Count I of the Complaint, the Debtor alleges that Southern was a general contractor on a certain construction job identified as the "Winter Haven HUD Project" located in Winter Haven, Florida; that the Debtor was a subcontractor of Southern on that particular job; that the Debtor performed mechanical engineering work; and that Southern owes the Debtor a balance of $42,268.18 under the contract for the work performed. The Debtor seeks a money judgment in that amount in Count I against Southern.

In Count II Climate Control contends that Air Enterprises was a subcontractor or supplier of material to the Debtor on the same construction project; that Air Enterprises may be owed $2,360 by the Debtor, but that Castle Supply was also an unpaid subcontractor supplier to the Debtor on the same project and may be owed the balance of $24,770.58. In this Count, Climate Control seeks a determination by this Court that the claims of these unpaid general subcontractors/suppliers represent valid liens against the subject property owned by the Winter Haven Housing Authority and, therefore, the validity and extent of these liens have a direct impact on the Debtor's ability to collect the money from Southern. For this reason the Debtor seeks a determination of the validity and extent of these liens.

In support of the jurisdiction of this Court, it is the contention of the Debtor that the contract balance allegedly due and owing to the Debtor by Southern is property of the estate and, therefore, Southern shall be required to turn over the monies claimed to the estate pursuant to § 542 of the Code. Moreover, since this is a proceeding to effect the liquidation of the assets of the estate, it is a "core" proceeding within the meaning of that term as defined by 28 U.S.C. § 157(b)(2)(A). Or, in any event, is also a core proceeding by virtue of § 157(b)(2).

To accept the proposition urged by the Debtor would, of course, require this Court to completely ignore the legislative history of the Bankruptcy Amendment and Federal Judgeship Act of 1984, particularly Title I of the same Act which completely restructured the jurisdiction under the Bankruptcy Code. BAFJA, P.L. 98-353 (July 10, 1984). It is now history that this legislation was Congress' response to the decision of the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) in which the Supreme Court declared that the jurisdictional grant by the Bankruptcy Reform Act of 1978, 95-598, 28 U.S.C. § 1471 et. seq. vested the Bankruptcy Courts with an impermissible grant of jurisdiction to non-tenured judges in violation of Article III of the Constitution. *Northern Pipeline, supra* involved a suit for money damages based on an alleged breach of contract, the same type of action involved in the present proceeding.

There is no basic and significant difference between the nature of the cause of action asserted in *Northern Pipeline, supra* and the nature of the cause of action asserted at least in Count I of the Complaint under consideration. Thus, the conclusion is inescapable that the claim set forth in Count I of the Complaint is a "related" and not a "core" proceeding.

While there are few reported decisions so far concerning this point, the courts, having considered the question in *In re Atlas Automation*, 42 B.R. 246 (Bankr.E.D.Mich. 1984) and *In re Smith-Douglass, Inc.*, 43 B.R. 616 (Bankr.E.D.N.C.1984), reached the same conclusion. See also, *In re Pierce*, 44

B.R. 601 (D.Colo.1984). However, this Court disagrees with the holding of the court in *Pierce* to the effect that once the determination is made that a proceeding is a non-core proceeding, the proceeding must be dismissed for lack of subject matter jurisdiction. Such a conclusion renders § 157(c) meaningless. This Section permits a Bankruptcy Judge to hear a proceeding that is not a "core" proceeding, but which is otherwise "related" to a case under Title 11, albeit absent consent of the parties, the Bankruptcy Judge cannot enter a dispositive order. This leads to the consideration of the Motions addressed to the claim set forth in Count II of the Complaint.

█ Climate Control contends that the claim set forth in Count II is a "core" proceeding within the meaning of § 157(b)(2)(K) because it seeks a determination of the validity, extent, or priority of liens. There is no question that by virtue of the express language of § 157(b) of 28 U.S.C. § 157(b)(2) a proceeding to determine validity, extent of liens is a "core" proceeding. The obvious difficulty with the contention advanced by Climate Control is that Count II seeks the determination of the validity, extent, or priority of liens of parties claimed by others than the Debtor, against property that is *not property of the estate* (emphasis supplied). In such a situation, bankruptcy courts never exercised jurisdiction even prior to BAFJA and *Northern Pipeline, supra.* See, *In re McKinney*, 45 B.R. 790 (Bankr.W.D.Ky. 1985). Based on the foregoing, this Court is satisfied that Count II is not a "core" proceeding; nor is it a "related proceeding" for the simple reason that the issues involved are, if related at all, are only peripherally related to the Title 11 case. *In re Turner*, 724 F.2d 338 (2d Cir.1983); *In re McKinney, supra.* Accordingly, Count II should be dismissed without prejudice to the right of Climate Control to file a similar action in a non-bankruptcy forum of appropriate jurisdiction.

█ The next matter under consideration is Southern's Motion for Abstention based on either 28 U.S.C. § 1334(c)(1) or (2). These Sections provide as follows:

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for state law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. (2) Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11, but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated, in a state forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise. This subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

Southern concedes, as it must, that there is no action pending in any state forum commenced by the Debtor against Southern involving the claim set forth in Count I of the Complaint filed in this adversary proceeding. Thus, unless the pendency of a state court action is required by § 1334(c)(2) before this Court must order abstention, the Motion to Abstain must be denied under 28 U.S.C. § 1334(c)(2).

The specific language relevant to this question appears in § 1334(c)(2) and reads as follows: "... the district court shall abstain from hearing such proceeding *if an action is commenced* ..." and can be timely adjudicated. (emphasis supplied)

In *In re Smith-Douglass, Inc., supra,* the court, while recognizing that it did have jurisdiction under § 157(c), first determined that the proceeding was a "non-core" proceeding, and then considered the question

of abstention. The court concluded that if the adversary proceeding were related to a bankruptcy case filed after July 10, 1984, mandatory abstention under § 1334(c)(2) would apply if a state court action was commenced and could be timely adjudicated. See also, *In re Kenneth Boughton,* 49 B.R. 312, 12 B.C.D. 1359 (Bankr.N.D.Ill. 1985). Finding that there was no case pending, but there was no evidence that a suit in state court would delay the administration of the Chapter 11, the court exercised its discretion to abstain under § 1334(c)(1).

There are two cases that have come to the Court's attention involving abstention where there was no other corresponding state court proceeding pending. Both of these cases involved discretionary abstention under § 1334(c)(1). In *In re Diez,* 45 B.R. 137 (Bankr.S.D.Fla.1984), the court abstained from hearing a tax dispute between the Debtor and the Internal Revenue Service involving the Debtor's alleged liability for a tax deficiency and fraud penalty of her estranged husband. In *In re Franklin Press, Inc.,* 46 B.R. 522 (Bankr.S.D.Fla. 1985), the Court abstained rather than hear a proceeding solely involving questions of state law substantial enough to probably require appeal or trial de novo before the district court.

In contrast to these cases, the Court in *In re S.E. Hornsby & Sons Sand and Gravel Co., Inc.,* 45 B.R. 988 (Bankr.M.D. La.1985) refused to abstain. In this case, the Court analyzed § 1334(c)(2) as follows at page 996:

"Turn now to the question of whether the Court should abstain in the adversary proceeding. 28 U.S.C. § 1334(c)(2) (mandatory abstention) does not apply. That section only applies to cases that meet the following requirements:

A. A timely motion is made;

B. The proceeding is based upon a state law claim or state law cause of action;

C. The proceeding is related to a case under Title 11;

D. The proceeding does not arise under Title 11;

E. The proceeding does not arise in a case under Title 11;

F. The action could not have been commenced in a court of the United States absent jurisdiction under 28 U.S.C. § 1334; and

G. An action is commenced and can be timely adjudicated in a state forum of appropriate jurisdiction.

28 U.S.C. Section 1334(c)(2) does not apply to the adversary proceeding for at least two reasons. First, the proceeding arises under Title 11. The adversary action is based on Section 542 of Title 11 and thus arises under Title 11. Regardless, even if this were a proceeding based on a state law claim or cause of action and only related to a case under Title 11, the final requirement of 28 U.S.C. Section 1334(c)(2) would not apply; under that provision, abstention is required only if an action is commenced and can be timely adjudicated in a state forum of appropriate jurisdiction to determine the issues involved. In this case, a state law dispute was filed in July of 1983 and had made absolutely no progress through and including the date of the filing of this petition. Even some months subsequent to the filing of the bankruptcy petition the state law liquidator indicated that he had no interest in pursuing the case. The Court can find no evidence to sustain an allegation that an action can be timely adjudicated in a state forum of appropriate jurisdiction. (Assuming such an allegation had been made, which it has not.)

The Court in *Hornsby* also refused to abstain under Section 1334(c)(1) since the adversary proceeding was one to recover the debtor's assets held by the Defendant. The court reasoned that it would not abstain from deciding an issue over property within its exclusive jurisdiction under § 1334(d) when a state court proceeding regarding the same company and property had languished for more than a year in state court with no action whatever.

In the case of *In re Lorren,* 45 B.R. 584 (Bankr.N.D.Ala.1984), the court stated that

the power to abstain under Section 1334(c)(1) (discretionary abstention) should be exercised sparingly and cautiously, and declined to abstain. Section 1334(c)(2) was not involved.

Based on the foregoing, this Court concludes that *Hornsby* and *Lorren* reflect the proper interpretation of Section 1334(c)(1) and (2). Because there is no action commenced in state court covering the same subject matter involved in Count I and because the power to abstain should be exercised sparingly. Southern's Motion for Abstention must be denied. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motions of Southern Landmark, Inc. and Castle Supply Company, Inc. to dismiss be, and the same hereby are granted as to Count II of the adversary proceeding, and Count II be, and the same hereby is, dismissed without prejudice to the right of the Debtor to refile in a state forum of appropriate jurisdiction. It is further

ORDERED, ADJUDGED AND DECREED that the Motion of Southern Landmark, Inc. for abstention of Count I and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Withdraw Reference shall be transmitted to the District Court pursuant to the Local Rule for disposition, unless the Motion is withdrawn within 10 days from the date of entry of this Order.