In re The CHARTER COMPANY,
et al., Debtors.

CHARTER CRUDE OIL
COMPANY, Plaintiff,

v.

EXXON COMPANY, U.S.A., Defendant.

CHARTER INTERNATIONAL OIL
COMPANY, Plaintiff,

v.

EXXON COMPANY, U.S.A., Defendant.

Bankruptcy Nos. 84–289–BK–J–GP
through 84–332–BK–J–GP,
85–1033–BK–J–GP.
Adv. Nos. 86–378, 86–384.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 10, 1988.

Karen S. Jennemann, Jacksonville, Fla., for plaintiff.

Hywel Leonard, Tampa, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

These adversary proceedings are before the Court upon defendant's motion for abstention. 28 U.S.C. § 1334(c)(1) An evidentiary hearing on the issue was held December 11, 1987, at the conclusion of which the Court directed the parties to submit written memoranda. Based upon the arguments presented, the Court concludes that abstention is not warranted.

Charter International Oil Company ("CIOC") and Charter Crude Oil Company ("CIOC") (collectively, "Charter") filed these adversary proceedings in an effort to collect certain debts. These debts arise out of a series of oil related transactions in Texas and Louisiana in which Exxon is said to owe, after considering offset, a net balance to Charter.

A trial of these adversary proceedings is presently scheduled for June 3, 1988, and, if necessary, June 15, 1988. The remaining issues involve: (i) the valuation of agreed-to volumes of crude oil, (ii) the validity of an invoice for the recertification of crude oil issued under pricing regulations of the United States Department of Energy, and (iii) which party, CCOC or CIOC, is liable for payment on certain portions of the crude oil. Although discovery in these cases is nearing completion and a trial date is in sight, Exxon now seeks to compel Charter to refile these actions in another forum.

■ This Court, pursuant to 28 U.S.C. § 1334(c)(1), has the discretion to abstain from hearing these adversary proceedings only if Exxon shows abstention is "in the interest of justice or in the interest of comity with state courts or respect for state law." Abstention is an extraordinary exception to the general rule that courts should adjudicate matters properly before them and, as such, "should be exercised sparingly and cautiously." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483, *rehearing denied* 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976); *In re DeLorean Motor Co.*, 49 B.R. 900, 910 (Bkrtcy.E.D.Mich.1985); *In re Climate Control Engineers, Inc.*, 51 B.R. 359, 363 (Bkrptcy.M.D.Fla.1985). Courts exercising this discretion in determining the appropriateness of abstention consistently are guided by "what will best assure an economical and expeditious administration of the debtor's estate." *Harley Hotels, Inc. v. Rain's International, Ltd.*, 57 B.R. 773, 782 (Bkrptcy.M.D.Pa.1985); *See, In re Boughton*, 60 B.R. 373, 377 (Bkrptcy. N.D. Ill.1986) ("Furthermore, the court finds that the delay which would be caused by an abstention order is an additional factor which militates against abstention in the present case."); *In re Climate Control, supra* at 362.

■ It appears that Charter would obtain a more expeditious resolution of these cases before this Court than before the Texas state courts in Houston. The two day trial of these adversaries is currently scheduled for June 3 and 15, 1988. Based upon a recent report of the Harris County Court, Charter could not expect to obtain a trial date in that Court anytime sooner. The Court concludes that abstention would not result in an expeditious resolution of this dispute.

Exxon, the second largest company in the country, next argues that it would be burdensome for it to litigate these matters in Jacksonville. However, to the extent it is possible to "burden" a large oil company like Exxon through the location of commercial litigation, the inconvenience Exxon would suffer is minimal inasmuch as these cases are ready for trial. The parties have already produced documents and no discovery requests remain outstanding. Moreover, to the extent further depositions are necessary, Charter has stated that it is willing to depose those witnesses in Houston.

Conversely, Charter, who has no ongoing operations in Texas, would suffer a more substantial burden if they were required to litigate these proceedings in Texas. Charter has ceased business operations in Texas, has transferred all documents and administrative functions, including the monitoring of these adversary proceedings, to Jacksonville, and its employees, with the exception of two, have either been terminated or transferred to this city.

These adversary proceedings appear to present issues of law and fact which are similar to, and perhaps far less complex than, the numerous adversary proceedings and contested matters which this Court has adjudicated in the Charter bankruptcy. For example, this Court has resolved eighty million dollars of disputes with Charter's other trading partners, including ARCO, Amoco, Conoco, Texaco, and Phillips Petroleum Company. Furthermore, many of those disputes involved issues of Texas law which are present here.

■ Nevertheless, Exxon argues that abstention is appropriate because Texas law is applicable and no federal issues, bankruptcy or otherwise, are involved. However, the mere presence of state law

issues is not sufficient to justify abstention. *In re Boughton, supra* at 375.

 Rather, the pertinent state law issue must involve (i) a matter of substantial public importance, and (ii) the existing state court precedent is such that none exists or the bankruptcy court could not predict the probable conclusion of the state court on the issue. *Harley Hotels, supra* at 781, *quoting In re Kaleidoscope,* 25 B.R. 729, 742 (N.D.Ga.1982). Further, the mere difficulty in ascertaining state law is an insufficient basis to abstain. *In re Mohammed,* 327 F.2d 616, 617 (6th Cir.1964); *In re DeLorean, supra* at 911; *In re Anderson,* 24 B.R. 640, 644 (Bkrptcy.M.D. Tenn.1982).

Exxon contends that Texas law relating to the applicable rate of pre-judgment interest is in a state of sufficient confusion to justify abstention. However, the Court finds that the applicable interest rate is not significant enough to constitute a matter of substantial public importance. Besides, Texas courts have issued many decisions on this issue, some even cited by Exxon in its motions to abstain, which would enable this Court to determine the appropriate pre-judgment interest rate.

 Exxon additionally suggests that this Court ought to abstain because these are related, non-core proceedings, the resolution of which is not crucial to the administration of Charter's Chapter 11 cases. However, abstention is not warranted merely because an action is a related non-core proceeding. *In re Earle Industries, Inc.,* 72 B.R. 131 (Bkrptcy.E.D.Pa.1987); *In re Cemetery Development Corp.,* 59 B.R. 115, 127 (Bkrptcy.M.D.La.1986); *In re Climate Control, supra* at 362. Here, the resolution of these matters could result in a substantial recovery for the bankruptcy estate and a possible distribution to creditors pursuant to the debtor's plan. The mere fact that this is a non-core proceeding is insufficient to defeat the need for an expeditious administration of this bankruptcy case.

The Bankruptcy Court in *In re Earle Industries, supra* at 131, addressed a question of discretionary abstention very similar to the one herein. In that case, the Court considered, and dismissed, many of the justifications for abstention which are currently raised by Exxon. Said the Court:

> [T]he instant matter involves a simple question of contract law, implicating no important state policies, and which was not pending in the state forum, either at the time this bankruptcy was commenced or presently. Dismissal of this matter through abstention would advance neither judicial economy nor the administration of this bankruptcy case. Although a noncore proceeding, this matter may yield funds for distribution through the debtor's plan for the benefit of its creditors and, as such, is a portion of the debtor's estate. Under these circumstances, there is no basis in the record to grant the defendant's abstention request.

Likewise, this Court concludes that Exxon has failed to establish sufficient justification for abstention. Exxon has failed to show that abstention would be in the best interest of justice or in the interest of comity with state courts or respect for state law, that abstention would result in a lessening of the burden upon the defendant, or that this Court is incapable of resolving this litigation. To the contrary, this Court finds that abstention would result in unreasonable delay in the administration of Charter's Chapter 11 cases and would result in significant prejudice to the debtor.

The Court will enter a separate order consistent with this memorandum opinion denying defendant's motion.