In re Joe Linn MILLS, Debtor.

Joe Linn MILLS, Plaintiff,

v.

Marilyn MILLS, Defendant.

Bankruptcy No. 91–10606–7.
Adv. No. 91–5121.

United States Bankruptcy Court,
D. Kansas.

Jan. 26, 1994.

Stephen B. Angermayer of Klenda, Mitchell, Austerman & Zuercher, Wichita, KS, for Joe Linn Mills, debtor/plaintiff.

Eric D. Bruce of Bruce & Davis, Wichita, KS, for Marilyn Mills, defendant.

John E. Foulston, Wichita, KS, U.S. Trustee.

## MEMORANDUM OPINION

JOHN T. FLANNAGAN, Bankruptcy Judge.

The debtor, Joe Linn Mills, appears by his attorney, Stephen B. Angermayer of Klenda, Mitchell, Austerman & Zuercher, Wichita, Kansas. The defendant, Marilyn Mills, appears by her attorney, Eric D. Bruce of Bruce & Davis, Wichita, Kansas.

In·response to debtor's Complaint to Determine Dischargeability of Debts incurred in a divorce action, Marilyn Mills, his former spouse, filed a motion for abstention. The motion is denied for the reasons stated.

To understand what debts the Complaint addresses, we must review in some detail the prior divorce action in which Marilyn was the petitioner and Joe Linn Mills the respondent.

Marilyn Mills sued Joe Mills for divorce on April 16, 1987, in the District Court of Grant County, Kansas. On that day, the District Court of Grant County entered an *ex parte* order stating,

> 2. That the respondent [Joe Mills] shall pay support for the petitioner [Marilyn Mills] in the amount of $1,350.00 per month. . . .

> 6. This order is temporary and shall be in force only until the trial of this action or until modified by the Court.

(Ex parte Order filed April 16, 1987, *In the Matter of the Marriage of Mills,* Case No. 87–D–21 in the District Court of Grant County, Kansas, at 3.)

On January 7, 1988, the state court granted the parties a divorce and reserved decision on the issue of property division pending the summation of the parties' proposals.

The court ordered maintenance and support continued according to its previous orders. (Journal Entry and Decree of Divorce filed January 7, 1988, *In the Matter of the Marriage of Mills,* Case No. 87–D–21 in the District Court of Grant County, Kansas, at 1.)

According to a document dated January 29, 1988, file-marked February 1, 1988, entitled "Court's Findings," the parties stipulated in the divorce case that their total fixed assets amounted to $327,338.44. The court awarded Marilyn property valued at $182,525.79. Joe received the balance of the marital estate valued at $144,812.64. Marilyn was awarded $500.00 per month in maintenance and $4,700.00 for attorney's fees. (Court's Findings filed February 1, 1988, *In the Matter of the Marriage of Mills,* Case No. 87–D–21 in the District Court of Grant County, Kansas, at 1–2.) Additionally, the court dealt with Joe Mills's pension plan from Columbian Chemicals Company. In relevant part, the "Court's Findings" stated:

> The most difficult asset to evaluate is the vested retirement held by the respondent from Columbian Chemicals Company. This retirement shows an eligibility for retirement at age sixty-two of $2,108.62 per month. At the date of the hearing both petitioner and respondent were sixty-one years of age. It should be noted that the retirement was vested at least as early as December the 1st, 1985. Although the respondent continues to work, and the evidence reflected a salary of at least sixty thousand dollars a year, this retirement being vested, is an asset of the parties and should be included as part of the property division herein. It should be noted, also, that this retirement would become available during the year 1988 to the respondent if he elected to accept the same.
>
> The Court therefore concludes that a *division of this property asset* will require payment from respondent to the petitioner of $1,000.00 per month on the assumption that the benefit is approximately $2,000.00 per month as of the date of the hearing.

*Id.* at 1 (emphasis added).

Marilyn filed a Motion for Clarification of the divorce court's findings on March 8, 1988.

She sought to determine how the cash value of life insurance policies should be divided; and whether Joe was required, at his own expense, to maintain medical insurance coverage for her. The motion was noticed for hearing at 10:00 a.m. April 11, 1988. (Motion for Clarification of Court's Findings filed March 8, 1988, *In the Matter of the Marriage of Mills,* Case No. 87–D–21 in the District Court of Grant County, Kansas.)

At the April 11, 1988, hearing, counsel made an announcement that was later recited in an order filed August 17, 1988:

> [T]he parties announce to the Court, through this Order, that they have reached an amicable resolution of the issues presented in the motion filed by Marilyn L. Mills. That the resolution is that all cash value in all life insurance policies not disposed of by the Court's previous order shall be divided equally between Marilyn L. Mills and Joe L. Mills. . . .
>
> Secondly, both parties hereto agree that Joe L. Mills shall continue to maintain and pay for the expense of medical-dental insurance coverage on Marilyn L. Mills, as previously maintained prior to the divorce, until she reaches age 65 or Joe L. Mills is no longer employed by his current employer, whichever occurs first.

(Order filed August 17, 1988, *In the Matter of the Marriage of Mills,* Case No. 87–D–21 in the District Court of Grant County, Kansas, at 1.)

Contrary to the agreement recited in the state court order memorializing the April 11 hearing, Joe failed to provide medical and dental insurance coverage for Marilyn.

According to a journal entry filed February 7, 1991, Joe's failure to pay for medical and dental insurance for Marilyn prompted her to bring the matter before the court again on December 6, 1990. The journal entry file-stamped February 7, 1991, shows that at the December 6 hearing, the divorce court ordered: "[T]hat upon the filing of a listing of unpaid medical expenses incurred by Marilyn L. Mills since the divorce was granted with the Clerk of the District Court, Grant County, Kansas, the same shall become a judgment against Joe L. Mills for the

unpaid sums, pursuant to the order of the Court for Joe L. Mills to maintain medical insurance." (Journal Entry filed February 7, 1991, *In the Matter of the Marriage of Mills,* Case No. 87–D–21 in the District Court of Grant County, Kansas, at 2.)

In accordance with the court's order, on December 12, 1990, Marilyn filed a Notice that listed unpaid medical bills totaling $19,-518.40. (Notice and Filing of Unpaid Medical Bills as Part of Judgment in Divorce Proceedings filed December 12, 1990, at 3.)

If the terms of the divorce court's order announced December 6, 1990, and filed February 7, 1991, are operative, by the filing of her notice, Marilyn obtained a $19,518.40 judgment against Joe for unpaid medical bills effective upon the filing of the journal entry.

On January 7, 1991, the state court entered a nunc pro tunc order setting aside to Marilyn Mills as her separate property all of the parties' interest in real property situated in Bourbon County, Kansas. In justification of that order, the court stated that it had "inadvertently omitted" this division from its previous findings and orders. (Order Nunc Pro Tunc filed January 7, 1991, *In the Matter of the Marriage of Mills,* Case No. 87–D–21 in the District Court of Grant County, Kansas, at 1–2.)

Joe filed his petition for relief under Chapter 7 of the Bankruptcy Code on February 25, 1991.

On March 7, 1991, the state court entered a Qualified Domestic Relations Order granting Marilyn Mills the right to receive 50 percent of the accrued benefit of Joe Mills's pension with Columbian Chemicals Company as of August 17, 1988. The court retained jurisdiction to allow this order to be modified as a Qualified Domestic Relations Order. (Qualified Domestic Relations Order filed March 19, 1991, *In the Matter of the Marriage of Mills,* Case No. 87–D–21 in the District Court of Grant County, Kansas, at 1.)

Finally, on May 13, 1991, Joe filed an Adversary Proceeding in this case to determine the dischargeability of his obligations under the divorce decree. Joe alleges that all debts owed to Marilyn are in the nature of property settlement and are, therefore, dischargeable under 11 U.S.C. § 727. Although Joe's Complaint does not specify particular debts which he contends are subject to discharge, the foregoing review of the divorce court record suggests there may be a dispute about the validity or dischargeability of the following items: (1) the Qualified Domestic Relations Order entered March 7, 1991, granting Marilyn Mills a 50 percent interest in Joe's pension plan with Columbian Chemicals Company and purporting to amend the $1,000.00 per month payment that the state court ordered on January 29, 1988, as a *property division* of Joe's Columbian Chemicals Company pension; (2) the $4,700.00 attorney's fee awarded to Marilyn on January 29, 1988; (3) the judgment against Joe for $19,518.40 for Marilyn's medical expenses, which was caused by Joe's failure to maintain medical insurance on Marilyn as ordered by the court. I express no opinion on the dischargeability of these claims.

■ Marilyn makes two arguments in support of her motion for abstention. First, she suggests that since the state court has subject matter jurisdiction to determine the dischargeability of debts incurred in a divorce, the bankruptcy court must abstain from hearing the complaint. While I accept the premise, I disagree with the conclusion. True, the state court has concurrent jurisdiction to determine the dischargeability of debts that are in the nature of alimony, maintenance or support. *In re Moralez,* 128 B.R. 526, 528 (Bankr.E.D.Mich.1991); *In re Marriage of Salisbury,* 13 Kan.App.2d 740, 742, 779 P.2d 878 (1989). But, it does not follow that the bankruptcy court must or should abstain. Second, she suggests that an unseemly conflict arises whenever a bankruptcy court undertakes to examine a divorce court's maintenance and property division award in order to determine its "true" nature. Therefore, she urges the bankruptcy court to permissively abstain from hearing the Complaint in the interest of comity with state courts.

■ Must this Court abstain from deciding whether debts incurred under a state court divorce decree are dischargeable in bankruptcy?

Section 1334(c)(2), Title 28, United States Code, states:

**§ 1334. Bankruptcy cases and proceedings.**

(c)(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. . . .

Marilyn relies on *In re Hursa*, 87 B.R. 313 (Bankr.D.N.J.1988), in which the trustee in a debtor-husband's Chapter 7 bankruptcy sought an order granting relief *from the automatic stay* to sell the marital residence free and clear of all liens. The non-debtor wife sought to have the bankruptcy court abstain from hearing the matter so as to allow the state court to proceed with equitable distribution of the marital property in the divorce proceeding. The bankruptcy court held that mandatory abstention applied because property rights are created under state law, and in order to determine the debtor's property rights (and ultimately the estate's), it was necessary to defer to New Jersey law. *Id.* at 315.

*Hursa* is distinguishable from this case. The parties there were not yet divorced, and property division had not been decreed. The non-debtor wife was asking the bankruptcy court to abstain so that the divorce court could make an equitable division of the marital property, thereby announcing property rights under state law.

In our case, the parties are divorced and property awards have been ordered by the divorce court, thereby creating rights under state law. The issue remaining before this Court is only whether the claims created in the divorce action are dischargeable in bankruptcy.

■ For mandatory abstention under 28 U.S.C. § 1334(c)(2) to apply, the proceeding in question must be a non-core, related proceeding. *In re Becker*, 136 B.R. 113, 116 (Bankr.D.N.J.1992); *In re Tidwell Industries, Inc.*, 87 B.R. 345, 348 (Bankr.E.D.Pa. 1988); *In re Baptist Medical Center*, 80 B.R. 637, 645 (Bankr.E.D.N.Y.1987); and *In re Allegheny, Inc.*, 68 B.R. 183, 192 (Bankr. W.D.Pa.1986). In this case, the issue is whether debts arising in a divorce action are dischargeable in bankruptcy. Since this determination is a core proceeding under 28 U.S.C. § 157(b)(2)(I), mandatory abstention is inapplicable.

■ Should the bankruptcy court, in the interests of comity, exercise permissive abstention because a state court has concurrent subject matter jurisdiction to determine whether debts arising in a divorce action are dischargeable in bankruptcy when there is no action pending in the state court to determine the dischargeability of those debts?

This calls into question discretionary abstention under 28 U.S.C. § 1334(c)(1), which states:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Under this statute, Congress has given this Court the right to use discretionary abstention, which can be invoked when the Court sees fit to do so. *In re Wicecarver*, 110 B.R. 957, 959 (Bankr.D.Kan.1990).

■ Courts have found various factors relevant in deciding whether to abstain under 28 U.S.C. § 1334(c)(1). *In re Becker*, 136 B.R. at 117. An exhaustive list of factors to consider is set forth by Judge Mahoney in *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 429 (Bankr.S.D.Tex.1987):

(1) [T]he effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other

nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of my docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

■ Applying these factors here, the Court is mindful that abstention is "an extraordinary and narrow exception to the duty of federal courts to adjudicate controversies which are properly before it [sic]." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 4244, 47 L.Ed.2d 483 (1976), *rehearing denied*, 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959)); *In re The Charter Co.*, 82 B.R. 602, 603 (Bankr.M.D.Fla.1988). This restriction and the list of factors set out in *Republic Reader's Service, Inc.*, 81 B.R. at 429, lead to the conclusion that discretionary abstention is inappropriate here.

When Joe Mills filed his adversary complaint to determine dischargeability, no similar action was pending in the state court. Now, Marilyn Mills wants this Court to abstain so that the issue of dischargeability can be raised and decided in the state court. This appears to be an attempt at forum shopping.

Marilyn contends that whenever a bankruptcy court undertakes to examine a divorce court's award to determine whether it is dischargeable, an unseemly conflict arises that justifies abstention in the interest of comity with state courts. This Court sees no such unseemly conflict here to justify abstention. The bankruptcy court is obligated by the Code to look into state court awards to determine if they constitute alimony, mainte-

nance, or child support that is not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). A state court exercising its concurrent jurisdiction would have the same obligation.

■ In either forum, the dischargeability issue must be determined under federal law. *In re Goin*, 808 F.2d 1391, 1392 (10th Cir.1987). For purposes of discharge under § 523, determination of what constitutes alimony, maintenance, or child support is made under federal bankruptcy law rather than under state law. *In re Cowley*, 35 B.R. 520, 522 (Bankr.D.Kan.1983). Furthermore, the labels given to the obligations created in a divorce action are not binding upon the bankruptcy court. *In re Goin* at 1392; *In re Reichuber*, 104 B.R. 377, 380 (D.Kan.1989).

Congress intended for the bankruptcy court to look into the true nature of divorce court awards when it enacted 11 U.S.C. § 523(a)(5). Had Congress intended otherwise, it could have granted the state courts exclusive jurisdiction to determine the dischargeability of these kinds of debts. Therefore, there is no credible reason why the bankruptcy court should abstain from hearing this matter that is properly before it.

Accordingly, Marilyn's motion for abstention is denied.

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a). This proceeding is core under 28 U.S.C. § 157. The Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984. D.Kan.Rule 705.

IT IS SO ORDERED.