(779 P.2d 878)

No. 63,294

In the Matter of the Marriage of ROLAND DEAN SAILSBURY, *Appellee*, and DANA JO SAILSBURY, *Appellant*.

—

Opinion filed September 15, 1989.

*Morris D. Hildreth*, of Becker, Hildreth, Gossard, and Hassenplug, P.A., of Coffeyville, for appellant.

*Fred W. Johnson* and *Edward W. Dosh*, of Parsons, for appellee.

Before REES, P.J., BRAZIL and GERNON, JJ.

REES, J.: In this divorce action, Dana Jo Sailsbury appeals from a post-decree decision of the trial court concerning the question whether the unpaid balance of a certain indebtedness is an enforceable debt owed by Roland Dean Sailsbury to or for the benefit of Dana, Roland's former wife.

Roland and Dana were divorced on January 12, 1984. The parties' divorce decree, with the terms of their January 10, 1984, Stipulation and Agreement incorporated, provides in part that "[Dana] shall have set over to her as her sole and separate property in fee simple absolute the real estate of the parties at 2530 Broadway, Parsons, Kansas, . . . Provided . . . [Roland] shall assume and pay the second mortgage thereon to Beneficial Finance (Beneficial)."

It seems that Roland made the payments on the Beneficial loan until about May 1987, or after. In March 1988, Dana initiated a contempt proceeding for Roland's failure to pay Beneficial. That precipitated a Chapter 7 bankruptcy filing by Roland in Missouri, where an order of discharge was obtained on June 17, 1988. Dana was listed as an unsecured creditor in the bankruptcy proceeding and the indebtedness owed to her was stated to be in the amount of the unpaid balance on the Beneficial loan.

The present appeal is the product of Dana's effort to obtain a judicial determination that Roland's obligation to pay the Beneficial loan was not discharged in bankruptcy so that Roland continues to be liable for payment of the unpaid loan balance. Specifically, the present appeal is from the trial court's rejection of Dana's "collection" efforts. The stated ground for the trial court's action was that "the Bankruptcy Court has jurisdiction to determine the dischargeability of a debtor's loan obligations incurred pursuant to separation agreements in divorce actions, and not the State Court."

11 U.S.C. § 523(a) (1982 & 1987 Supp.) lists ten classes of debts not dischargeable in bankruptcy. Subsection (a)(5) addresses alimony, maintenance, or support obligations and provides as follows:

"(a) A discharge under [Chapter 7] does not discharge an individual debtor from any debt —

. . . .

"(5) to a . . . former spouse . . . for alimony to, maintenance for, or support of such spouse . . . in connection with a separation agreement, divorce decree or other order of a court of record, . . . or property settlement agreement, but not to the extent that —

. . . .

"(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support."

The parties agree that, by operation of the foregoing rather convoluted statutory language, the nub of the question raised is whether Roland's liability for payment of the Beneficial loan is "liability . . . actually in the nature of alimony, maintenance or support."

Roland suggests to us that the trial court found that it and the Missouri bankruptcy court have concurrent jurisdiction to decide whether there is involved here "liability . . . actually in the nature of alimony, maintenance or support," that is, whether Roland's liability for payment of the Beneficial loan balance was discharged, and that the trial court deferred to the bankruptcy court for resolution of that question. Dana argues that the trial court's decision was not that there is concurrent jurisdiction and that the trial court deferred to the bankruptcy court for resolution of the discharge question. Dana contends that the trial court's declination was on the ground that the bankruptcy court has exclusive jurisdiction and the trial court is without jurisdiction.

We agree with Dana as to what the trial court held. The trial court's language cannot be read to say that it finds there is concurrent jurisdiction and that it elects to defer to the bankruptcy court. This, however, does not end our inquiry. There remains the question whether the trial court has jurisdiction to proceed to decide whether there has been a discharge, that is, whether Roland's obligation to pay the Beneficial loan is "actually in the nature of alimony, maintenance or support."

Many courts have held, based on 11 U.S.C. § 523(c), that bankruptcy courts have exclusive jurisdiction to determine nondischargeability concerning the classes of debts set forth in § 523(a)(2), (4), and (6). See, *e.g.*, *Matter of Brock*, 58 Bankr. 797, 799 (Bankr. S.D. Ohio 1986); *Matter of Hague*, 57 Bankr. 511, 512 (Bankr. W.D. Mo. 1986); *In re Littlefield*, 17 Bankr. 549, 550 (Bankr. D. Me. 1982); *In re Huff*, 16 Bankr. 823, 824 (Bankr. W.D. Ky. 1982). See 9A Am. Jur. 2d, Bankruptcy § 831, p. 610-11. 11 U.S.C. § 523(c) reads as follows:

"Except as provided in subsection (a)(3)(B) of this section, the debtor *shall be discharged from a debt specified in paragraph (2), (4), or (6)* of subsection (a) of this section, *unless, on request of the creditor* to whom such debt is owed, and after notice and a hearing *the court determines such debt to be excepted from discharge* under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section." (Emphasis added.)

This subsection provides that, unless the creditor requests a hearing to determine nondischargeability of the classes of debts set forth in (a)(2) (fraud or deception), (4) (fiduciary fraud, embezzlement, or larceny), or (6) (malicious injury) of § 523, debts in these categories will be discharged.

It generally has been held that, as to the other classes of nondischargeable debts set forth in § 523(a), the bankruptcy court has only *concurrent* jurisdiction with other courts of competent jurisdiction. See, *e.g.*, *Goss v. Goss*, 722 F.2d 599, 602 (10th Cir. 1983); *In re Brock*, 58 Bankr. at 799; *Matter of Hague*, 57 Bankr. at 512; *In re Littlefield*, 17 Bankr. at 550-51; 9A Am. Jur. 2d, Bankruptcy § 831, p. 611. Section 523 (a)(5) does not fall within the terms of § 523(c), and, absent a complaint filed by either party in the bankruptcy court, the issue of dischargeability under § 523(a)(5) may be tried in other courts. 3 Collier on Bankruptcy § 523.15[6] (15th ed. 1989).

In his brief, Roland cites *Matter of Brown*, 56 Bankr. 954 (Bankr. E.D. Mich. 1986). There it was found that the state court

lacked jurisdiction to determine dischargeability of a debt. Similarly, 8A C.J.S., Bankruptcy § 18, notes, or at least suggests, that there is a split of authority concerning whether a bankruptcy court's jurisdiction relating to determination of dischargeability of debts is exclusive.

Examination of *Matter of Brown*, and the cases cited as support in 8A C.J.S., Bankruptcy § 18, reveals there is not a significant split of authority as to whether state courts have concurrent jurisdiction to determine whether an obligation is actually in the nature of support, maintenance, or alimony, and therefore nondischargeable under 11 U.S.C. § 523(a)(5). Most of the cases cited in the C.J.S. section for the proposition that the bankruptcy court's jurisdiction is exclusive are factually distinguishable. They deal with nondischargeability of debts concerning fraud, misrepresentation, and malicious injury under § 523(a)(2), (4), and (6)—debts regarding which the bankruptcy court undisputedly has exclusive jurisdiction. See *Matter of Halpern*, 50 Bankr. 260 (Bankr. N.D. Ga. 1985), *aff'd* 810 F.2d 1061 (11th Cir. 1987); *Matter of Moccio*, 41 Bankr. 268 (Bankr. D.N.J. 1984); *In re Aldrich*, 34 Bankr. 776 (Bankr. 9th Cir. 1983); *Sipl for Sipl v. United Ben. Life Ins. Co.*, 30 Bankr. 40 (C.D. Cal. 1983).

*Matter of Brown*, 56 Bankr. 954, held that the state court was without jurisdiction to determine dischargeability of a debt. However, that case dealt with a situation where the debtor failed to list on his bankruptcy schedules a debt which was the subject of pending litigation. The *Brown* court did not address the issue of nondischargeability of a debt pursuant to 11 U.S.C. § 523(a)(5). Additionally, in reaching its holding, the *Brown* court relied upon language in *In re Comer*, 723 F.2d 737, 740 (9th Cir. 1984), concerning *Brown v. Felsen*, 442 U.S. 127, 60 L. Ed. 2d 767, 99 S. Ct. 2205 (1979), and *In re Houtman*, 568 F.2d 651 (9th Cir. 1978). *Brown*, 56 Bankr. at 956. Both *Felsen* and *Houtman* deal with nondischargeability of debts concerning fraud, an area where the bankruptcy court has exclusive jurisdiction according to § 523(c).

The Tenth Circuit rejected the *Felsen* holding when it found that state courts have concurrent jurisdiction to determine whether an obligation is alimony, maintenance, or support and nondischargeable under § 523(a)(5)'s predecessor, 11 U.S.C. § 35(a)(7) (repealed 1978). In *Goss v. Goss*, 722 F.2d 599, the

Tenth Circuit found that the *Felsen* holding applied to debts under subsections (a)(2) and (4) of the former statute but did not apply to debts for alimony, maintenance, or support under subsection (7) of that former statute because these debts are not within the bankruptcy court's exclusive jurisdiction. 722 F.2d at 603.

We conclude that the trial court has concurrent jurisdiction to consider whether the Beneficial loan debt was not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(5), as alimony, maintenance, or support.

Roland argues that the bankruptcy court can best determine this issue because Congress intended the issue of nondischargeability to be determined in a uniform manner across the country to avoid possible divergence in decisions and because bankruptcy courts are experienced in determining the true nature of agreements entered into in state divorce proceedings.

We take it to be true that Congress intended issues concerning the nondischargeability of debts to be determined in a uniform manner. To this end, the question whether an obligation under a divorce decree is actually alimony, maintenance, or support is to be determined pursuant to bankruptcy laws rather than state laws. *In re Raff*, 93 Bankr. 41 (Bankr. S.D.N.Y. 1988). However, it does not necessarily follow that these determinations must be made in bankruptcy court. The Advisory Committee Note accompanying Bankruptcy Rule 4007 provides in pertinent part as follows:

"*Subdivision (b)* does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a)(1), (3), (5), (7), (8), or (9). *Jurisdiction over this issue on these debts is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum.*" (Emphasis added.) 11 U.S.C. Bankruptcy Rules (Supp. V 1987) Rule 4007 n, p. 120.

This note evidences Congressional intent that issues concerning nondischargeability of obligations pursuant to § 523(a)(5) are subject to determination in state courts as well as bankruptcy courts.

Turning to Roland's argument that bankruptcy courts are more experienced in determining the true nature of property settlement agreements, it remains that, while the determination of the nature of an obligation under a divorce decree is to be made pursuant to bankruptcy law, state law also is a consideration.

"Although Congress intended that federal law, not state law, should control the determination of when a debt is in the nature of alimony or support, it does not necessarily follow that state law must be ignored completely. . . .

" 'The underlying obligation to provide support in the first place is necessarily determined by state law. The federal bankruptcy courts are obviously not empowered to create an obligation to support where it did not previously exist.' " *In re Raff*, 93 Bankr. at 45 (quoting *In re Calhoun*, 715 F.2d 1103, 1107 [6th Cir. 1984]).

In *In re Goin*, 808 F.2d 1391 (10th Cir. 1987), the court recognized that it must look beyond the language of the divorce decree to determine whether an obligation is actually alimony, maintenance, or support. The court recognized four factors as important in making this determination: (1) whether the agreement fails to otherwise provide for spousal support; (2) whether there are minor children or an imbalance of income; (3) whether the obligation is to be paid in installments over a substantial period of time; and (4) whether the obligation terminates upon remarriage or death. 808 F.2d at 1392-93.

As we view it, a state court is in a position that affords it at least equal capability to consider these factors and determine the true nature of the debt. The trial court granted the divorce and heard the evidence concerning the agreement. It has firsthand knowledge of the divorce settlement and may even be in a superior position to determine the intent of the parties.

While the question whether a debt is actually in the nature of alimony, maintenance, or support, and therefore is nondischargeable in bankruptcy, may be a federal question since the matter of nondischargeability arises under 11 U.S.C. § 523, this does not disable a state court from hearing and deciding the question. We have held that state courts have subject matter jurisdiction of federal questions absent exclusion of jurisdiction. *Allen v. Craig*, 1 Kan. App. 2d 301, 304, 564 P.2d 552, *rev. denied* 225 Kan. 843 (1977).

Because the trial court has concurrent jurisdiction to determine nondischargeability pursuant to 11 U.S.C. § 523 (a)(5), we reverse the decision from which this appeal has been taken and we remand the case for further proceedings.