No. 85,701

In the Matter of the Marriage of ANTOINETTE M. WILLENBERG, *Appellee*, and MICHAEL H. WILLENBERG, *Appellant*.

(26 P.3d 684)

Opinion filed July 13, 2001.

*Richard A. Boeckman*, of Keenan & Boeckman, of Great Bend, argued the cause and was on the brief for appellant.

*Jeff Lee McVey*, of McPherson & McVey Law Offices Chtd., of Great Bend, argued the cause, and *Brock R. McPherson*, of the same firm, was with him on the brief for appellee.

*Per Curiam*: This is an appeal by Michael H. Willenberg (respondent-appellant) from an award of maintenance in favor of Antoinette M. Willenberg (petitioner-appellee) entered upon reconsideration of the court's original decision to deny maintenance.

The chronological sequence of events is crucial to the determination of the issues herein and must be set forth in detail.

4/26/00   Divorce heard and granted. Issues relative to division of property and debts as well as petitioner's request for maintenance taken under advisement.

5/ 3/00   Journal Entry reflecting 4/26/00 decision filed.

5/ 5/00   Memorandum Decision on pending issues filed as journal entry. Maintenance denied. Property division ordered, including $10,000 payment (spread over 30 months) to petitioner to equalize the division.

5/15/00   Respondent files for bankruptcy.

5/18/00   Petitioner files Motion for Rehearing or in the Alternative Relief from Judgment.

6/30/00 Motion heard and taken under advisement.
7/ 3/00 Memorandum Decision filed reconsidering denial of maintenance and ordering maintenance of $10,500 (spread over 30 months) to petitioner.
7/27/00 Respondent files appeal herein from 7/3/00 decision.

It is undisputed that the filing for bankruptcy with the potential for the discharge of the $10,000 property division equalization payments was the triggering factor for the filing of the May 18, 2000 motion, and that occurrence is specifically referred to therein.

In its memorandum decision the district court stated, *inter alia*:

"The position of the petitioner is the respondent has filed bankruptcy and discharged the $10,000 obligation the Court ordered in the Memorandum Decision on May 5, 2000. The petitioner argues if the respondent were allowed to do this, this would then be an inequitable division of property. As a result thereof, the Court, based upon K.S.A. 60-260(b)(6), should grant relief from judgment and change its decision concerning the division of property, assets, and debts.

"The second argument the petitioner makes is the Court should have granted maintenance based upon the evidence presented.

"The respondent's attorney argues the Court cannot modify the property [division] as a result of the respondent filing a Notice of Bankruptcy on May 17th, which was 12 days after the Court's Memorandum of Decision was filed. Due to the automatic stay in the bankruptcy, the respondent's attorney argues this Court has no authority to modify the property [division].

"This Court finds it does not have the authority to modify the property division as a result of the bankruptcy. The Court does want to make it clear if in fact the property division, which would include the payment for $10,000 is in fact discharged, the division of property in this divorce would not be a fair and equitable division of the property, assets and debts. After hearing several hours of testimony, the Court felt that was a figure to be paid by the respondent to the petitioner to even out the property he received, and to equalize the property the petitioner should have received so both parties have an equal amount of property. However, because of the automatic stay the Court does not believe it can modify the property division at this time. It would be the obligation of the petitioner to request relief from the bankruptcy court from the automatic stay to proceed back in district court as to a rehearing on the division of property, assets and debts.

"The second issue is one in which the petitioner requests the Court to review the maintenance issues. The Court was presented with a case, *In re Marriage of Sailsbury*, 13 Kan. App. 2d 740, in which the petitioner argues this Court has the concurrent jurisdiction and ability to make decisions concerning maintenance, alimony or support. The case as cited above seems to allow the state court or the district court the ability to question whether a debt is actually in the nature of alimony, maintenance or support, and therefore, is non-dischargeable in bank-

ruptcy. Even though it may be a federal question since the matter of non-dischargeability arises under 11 U.S.C. § 523, this does not preclude a state court from hearing that issue. Therefore, it seems this Court would have the ability, based upon that case, to rehear, or review the evidence upon a motion for reconsideration whether maintenance should or should not be allowed.

"The Court initially felt it was inappropriate to grant maintenance. However, the Court has been asked to reconsider that by the petitioner's attorney. This motion for reconsideration was filed within an appropriate time frame, within two weeks of the date of the court's Memorandum of Decision denying maintenance.

"The Court at this time, after review of the evidence and the case, hereby finds maintenance would be appropriate under these facts and circumstances.

"Therefore, the Court orders the respondent pay maintenance to the petitioner for a period of 30 months, at $350 per month. The first payment is due on or before August 5, 2000, and each and every other payment is due on or before the 5th of each month thereafter, until paid in full."

Respondent's basic argument is that "the district court failed to follow the appropriate law for each of the issues in this appeal."

In his first issue, respondent argues the district court erred in its application of K.S.A. 60-259 and K.S.A. 60-260.

Respondent's position as to the claimed inappropriate application of these two statutes is succinctly set forth in his brief as follows:

"K.S.A. 60-259 provides the grounds for new trial. In her motion appellee did not state the grounds for which she requested a new trial under K.S.A. 60-259. The grounds for new trial summarized are as follows:
  *First.* Abuse of discretion of the court, misconduct of a party, etc.
  *Second.* Erroneous rulings or instructions of the court.
  *Third.* The verdict was given under the influence of passion or prejudice.
  *Fourth.* The verdict was in whole or part contrary to the evidence.
  *Fifth.* Newly discovered evidence.
  *Sixth.* The verdict was procured by corruption on the part of the party obtaining it.

"An examination of the memorandum of decision finds the district court cites none of the factors in K.S.A. 60-259(a) as grounds for the district court reversing its decision concerning payment of maintenance. Rather, the district court clearly states that the filing of a petition in bankruptcy has caused the court to rethink its decision concerning maintenance. The fact that a party has filed a petition in bankruptcy post-judgment is not a grounds listed as a basis for a motion for new trial in K.S.A. 60-259.

"K.S.A. 60-260 grants relief from judgments or orders due to a variety of reasons. K.S.A. 60-260(a) authorizes relief from a judgment or order due to clerical

error. K.S.A. 60-260(b) indicates the court may relieve a party from a final judgment for the following reasons, somewhat summarized:

1. Mistake, surprise or excusable neglect,
2. Newly discovered evidence,
3. Fraud,
4. Void judgment,
5. Judgment is satisfied, and
6. Any other reason justifying relief from the operation of the judgment.

"The journal entry of June 30 does not make reference to any of the factors in K.S.A. 60-260(a) or K.S.A. 60-260(b)."

Respondent then concludes neither statute was an appropriate vehicle for the award of maintenance herein. We disagree.

The district court did not grant relief under K.S.A. 60-260(b)(6), and indeed, it concluded the automatic bankruptcy stay precluded any activity relative to the property division.

The relief ordered came upon reconsideration of the court's original denial of maintenance. Respondent contends K.S.A. 60-259 was an inappropriate vehicle for such relief for failure of any reference to the factors set forth in K.S.A. 60-259(a). Respondent's argument relative to this statute is fatally flawed as he perceives K.S.A. 60-259 relates wholly to the granting of a new trial. It is true that the provisions of K.S.A. 60-259(a) through (d) relate exclusively to motions for a new trial. K.S.A. 60-259(f) concerns a different subject and provides:

"A motion to alter or amend the judgment shall be served and filed not later than ten (10) days after entry of the judgment."

The motion herein designated in part as a motion for rehearing is, "[l]ooking through form to substance," a motion to alter or amend a judgment pursuant to K.S.A. 60-259(f). See *Denno v. Denno*, 12 Kan. App. 2d 499, 501, 749 P.2d 46 (1988), and *Ten Eyck v. Harp*, 197 Kan. 529, 533, 419 P.2d 922. (1966).

K.S.A. 60-206(a) is applicable to the computation of time for the filing of the motion under K.S.A. 60-259(f) and provides in pertinent part as follows:

"When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation."

The memorandum decision relative to the property division and denial of maintenance was filed May 5, 2000. The Motion for Rehearing (alter or amend) was filed May 18, 2000. Two Saturdays and two Sundays lie within the period. With these days excluded, the motion was filed on the ninth day and, accordingly, was timely.

As noted in *Denno v. Denno*, 12 Kan. App. 2d at 501:

"Although judgment has been entered, the trial court retains jurisdiction to consider a motion to alter or amend filed pursuant to K.S.A. 60-259(f). The purpose of K.S.A. 60-259(f) is to allow the trial judge the opportunity to correct prior errors."

The trial court herein had the authority to reconsider its prior findings of fact and conclusions of law and make what it deemed to be appropriate amendments and alterations thereto pursuant to K.S.A. 60-259(f). This it did. We find no error in this issue.

*In re Marriage to Sailsbury*, 13 Kan. App. 2d 740, 779 P.2d 878 (1989), is not relevant to the issues raised in this appeal. *Sailsbury* was referenced by the district court because at that point in the proceedings respondent was arguing that the district court had no jurisdiction to change the property division due to the filing of the bankruptcy and the resulting stay. Although respondent argued the jurisdiction question to the district court, he makes no such argument in this appeal. On appeal, respondent asserts that the district court incorrectly relied upon *Sailsbury* for authority to modify its order on the maintenance issue but does not specify how the district court incorrectly applied *Sailsbury*, only that it did. As we have already indicated, the question here involves the district court's authority to alter or amend a previous order concerning maintenance under K.S.A. 60-259(f) when such a motion is filed in a timely manner. In fact, the district court concluded that the automatic bankruptcy stay precluded any further activity relative to the property division and declined to modify its previous decision concerning property of the parties. There is no claim on appeal that the bankruptcy stay barred the allowance of maintenance herein. *Sailsbury* and its progeny are, accordingly, inapplicable to the facts of this case.

For his second and final issue, respondent contends the trial court violated K.S.A. 2000 Supp. 60-1610(b)(2) in entering the award for maintenance without respondent's consent.

K.S.A. 2000 Supp. 60-1610(b)(2) sets forth the perimeters for maintenance awards and modification of existing awards. The portion of the statute relied on by respondent provides:

"At any time, on a hearing with reasonable notice to the party affected, the court may modify the amounts or other conditions for the payment of any portion of the maintenance originally awarded that has not already become due, but no modification shall be made without the consent of the party liable for the maintenance, if it has the effect of increasing or accelerating the liability for the unpaid maintenance beyond what was prescribed in the original decree."

There is no merit in this issue for a number of reasons. There is no modification of an original award of maintenance involved herein. Further, the court's action herein was within the narrow window reserved for altering or amending a judgment under K.S.A. 60-259(f). Additionally, this issue was not raised in the district court. Issues not raised before the trial court cannot be raised on appeal. *Lindsey v. Miami County National Bank*, 267 Kan. 685, 690, 984 P.2d 719 (1999). A new legal theory may not be asserted for the first time on appeal or raised in a reply brief. *Jarboe v. Board of Sedgwick County Comm'rs*, 262 Kan. 615, 622, 938 P.2d 1293 (1997).

The judgment is affirmed.