NOT DESIGNATED FOR PUBLICATION

No. 113,546

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN NOVOTNY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed May 6, 2016. Reversed and remanded with directions.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., BRUNS, J., and WALKER, S.J.


*Per Curiam*:  Steven Novotny appeals the summary denial of his K.S.A. 60-1507 motion. Because we find that justice requires additional hearings before the district court on the issues in this case, we reverse and remand for further proceedings as outlined in this decision.

FACTS

Novotny is serving a hard-20 life sentence plus 48 months for first-degree murder and aggravated battery. See *State v. Novotny*, 297 Kan. 1174, 1179, 307 P.3d 1278 (2013). Novotny retained Richard Ney as counsel for trial. After Novotny's convictions but prior to sentencing, Ney filed a motion for mental examination, evaluation, and report pursuant to K.S.A. 22-3429. Ney stated a "good faith belief that an evaluation of [Novotny] may well show that he is in need of psychiatric care and treatment." The trial court granted the motion and ordered Novotny to be transported to the State Security Hospital in Larned (SSH). Novotny remained at SSH and was still there when the present appeal was filed.

After his admission to SSH, Novotny filed a pro se motion to dismiss Ney as his attorney. Novotny made allegations consistent with ineffective assistance of counsel. He also claimed Ney had intimidated him, for example by preventing him from testifying on his own behalf. The district court granted the motion to dismiss Ney and appointed the public defender's office. Charles S. Osburn, the chief public defender, filed an addendum to a motion for new trial which had been filed by Ney while he was still Novotny's counsel. Osburn argued Ney had been ineffective in several ways, including abusive or obstreperous conduct towards Novotny. Novotny also filed a pro se ineffective assistance of counsel motion which essentially summarized all these allegations.

At sentencing, the district court noted that Novotny had been found competent. The district court refused to consider ineffective assistance of counsel, remarking:  "Mr. Novotny can address those issues post-appeal. I believe those issues are best addressed post-appeal via a [K.S.A.] 60-1507 [motion] as is customarily done."

On October 7, 2013, the Kansas Supreme Court issued its mandate in Novotny's direct appeal. On December 5, 2013, Novotny filed a pro se motion in the criminal case

which cited K.S.A. 60-1507 in the caption and was entitled, "Motion for Ineffective assistance of Counsel and other errors that are prejudicial" (2013 Motion). Novotny recited 54 distinct allegations regarding Ney and other persons involved with the trial, including many assertions of trial error. The State filed a 39-page, allegation-by-allegation response to the 2013 Motion.

On June 30, 2014, the same judge who had conducted the criminal trial summarily denied the 2013 Motion. The district court stated:

> "In the Court's opinion, the defendant does not raise any substantial questions of Law or issues of fact. The Motion, files and record in the case conclusively show that Mr. Novotny is entitled to no relief. Therefore, there is no need to appoint counsel or have Mr. Novotny present. For all these reasons, the defendant's Motion is denied."

Novotny did not appeal from this summary denial.

On July 16, 2014, Novotny filed a second K.S.A. 60-1507 motion (60-1507 Motion), initiating the present case. Novotny raised six grounds for ineffective assistance of counsel. The portions of the 2013 Motion which correspond with the 60-1507 Motion are as follows.

1. In the 2013 Motion, Novotny claimed "Lori Worley brought up a false accusation in saying her ex-boyfriend shot at her and I was with him." In the 60-1507 Motion, Novotny claimed Ney failed to object to K.S.A. 60-455 evidence "when it allowed Lori Worley's testimony in which she testified that her ex-boyfriend shot at her and [Novotny] was with him."

2. In the 2013 Motion, Novotny claimed Ney "refused to allow the Defendant to tell who the true perpetrator of the crime was. Counsel would not allow the Defendant to speak with law enforcement, and pressured the Defendant into not testifying at trial, despite the Defendant's strong desire to do so." In the 60-1507 Motion,

3

Novotny claimed Ney pressured him "not to testify at his trial, despite his wishes to do so, and refused to allow movant to speak to law enforcement about who he believed to be the actual perpetrator."

3. In the 2013 Motion, Novotny claimed Ney "did not get defendant a mental evaluation until after trial which should have been before trial." In the 60-1507 Motion, Novotny claimed Ney "was ineffective for failing to have a mental competency evaluation at any stage prior to trial."

4. In the 2013 Motion, Novotny claimed the prosecutor "kept identifying me as loco trying inflame [*sic*] and stir up the jury instead of using my birth name." In the 60-1507 Motion, Novotny claimed Ney was "ineffective for failing to object to the prosecution's references to the movant by repeatedly calling him 'Loco.'"

5. In the 2013 Motion, Novotny claimed he "had no part in defense [*sic*]," that he had provided letters and witnesses which Ney refused to investigate, and other such allegations. In the 60-1507 Motion, Novotny claimed Ney "was ineffective for failing to adequately investigate the case and consult with the movant on his defense strategy."

6. In the 2013 Motion, Novotny alleged "[i]llegal search and seizure allowed in" and "[a]ttorney failed to let me know about the *Leon* good faith exception and did not brief any argument related to that ruling." In the 60-1507 Motion, Novotny claimed Ney "was ineffective for failing to move to suppress evidence obtained from an illegal search warrant based on a *Leon* good faith exception." See *United States v. Leon*, 468 U.S. 897, 918, 104 S. Ct. 3405, 82 L. Ed. 2d 677, *reh. denied* 468 U.S. 1250 (1984).

The 60-1507 Motion adopted by reference an attached memorandum which explained each claim and listed the evidence in support.

On October 27, 2014, Novotny filed a pro se motion to amend the 60-1507 Motion (Motion to Amend). In the 2013 Motion, Novotny had claimed, "Ney fought to keep" a

4

certain juror, T.E., despite the fact that the prosecutor had "sat in on some dance classes with him." In the Motion to Amend the current 60-1507 action, Novotny claimed Ney was ineffective for using a *Batson* challenge when the State struck T.E. See *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

On December 4, 2014, a different district court judge summarily denied both the 60-1507 Motion and the Motion to Amend. He held Novotny had filed out of time and "this petition is repetitive and without merit." Novotny appeals.

ANALYSIS

The State concedes this second 60-1507 Motion was timely. Novotny does not argue the Motion to Amend was timely. Since issues not briefed are deemed waived or abandoned on appeal, *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013), the only pleading at issue here is the current 60-1507 Motion. Furthermore, Novotny does not argue the sixth ground raised in the 60-1507 Motion, the suppression issue related in some way to the *Leon* good-faith exception. That also is deemed waived or abandoned on appeal.

Novotny treats the district court's statement that his 60-1507 Motion was "repetitive" as a ruling it was second or successive contrary to K.S.A. 60-1507(c) and Supreme Court Rule 183(d) (2015 Kan. Ct. R. Annot. 271). The State does not dispute this treatment of the district court's ruling and argues the same grounds. An appellate court exercises de novo review over "the district court's determination that relief should be denied on the motion, files, and records of the case." *Fuller v. State*, 303 Kan. 478, 485-86, 363 P.3d 373 (2015).

By statute the district court is not "required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 60-1507(c). Our

5

Supreme Court is empowered by law to "adopt such rules and regulations as they may deem necessary . . . to promptly and efficiently carry out the intent of just, speedy, and inexpensive litigation for the litigants of the state." K.S.A. 20-321. Our Supreme Court has adopted three factors which govern when a district court need "not consider a second or successive motion for relief by the same movant." Rule 183(d) (2015 Kan. Ct. R. Annot. 272). They are:

"(1) [T]he ground for relief was determined adversely to the movant on a prior motion;

"(2) the prior determination was on the merits; and

"(3) justice would not be served by reaching the merits of the subsequent motion." Rule 183(d)(1)-(3) (2015 Kan. Ct. R. Annot. 272).

The 2013 Motion was determined adversely to Novotny. As for the *grounds* at issue, they were largely the same as the current 60-1507 Motion, namely alleged ineffective assistance of counsel. The distinctions went to the particular legal error alleged. With respect to Lori Worley's testimony, Novotny first claimed her testimony was false and then claimed Ney was ineffective for failing to object under K.S.A. 60-455. With respect to the prosecutor calling him loco, Novotny first claimed prosecutorial misconduct but then claimed Ney was ineffective for failing to object.

These distinctions were slight, especially considering the liberal construction granted to pro se litigants. See *State v. Johnson*, 299 Kan. 890, 893, 327 P.3d 421 (2014). Novotny's point in the 2013 Motion was that he was denied a fair trial, a result he attributed generally to Ney. The shift in his legal theories towards a more clear articulation of the point would probably not bar application of the second or successive rule.

The State urged the district court to apply K.S.A. 60-1507 to the 2013 Motion:

6

> "This motion was filed following the conclusion of defendant's direct appeal on October 7, 2013. Although filed in the criminal case, defendant's motion is really a K.S.A. 60-1507 motion because defendant identifies it as such on the face of his motion and there does not appear to be any other appropriate avenue for relief for the claims made. Consequently, this court should construe defendant's motion to be a K.S.A. 60-1507 motion."

The district court must have followed this suggestion because its ruling was couched in the language of the provisions permitting summary denial of K.S.A. 60-1507 motions, K.S.A. 60-1507(b) and Rule 183(f).

It is impossible to believe the motion, files, and records of this case "conclusively" showed Novotny was entitled to no relief, as these provisions require. K.S.A. 60-1507(b); Rule 183(f). Ineffective assistance of counsel is notoriously difficult to judge without evidence on the claim. "Although there are circumstances when no evidentiary record need be established, when the merit or lack of merit of an ineffectiveness claim about trial counsel is obvious . . . , such circumstances are extremely rare." *Rowland v. State*, 289 Kan. 1076, 1084-85, 219 P.3d 1212 (2009).

It is true the same judge conducted the trial and ruled on the 2013 Motion and that appellate courts acknowledge the perspective of the judge who "observed trial counsel's actions." *State v. Van Cleave*, 239 Kan. 117, 120, 716 P.2d 580 (1986). But the trial judge here denied the 2013 Motion in conclusory terms. It is true Novotny did not move for additional findings, much less appeal the ruling, but still the lack of specific findings precludes a meaningful review. In such a situation, an appellate court may consider remand. See *State v. Neighbors*, 299 Kan. 234, 240, 328 P.3d 1081 (2014).

But we believe there is a more appropriate way to construe Novotny's 60-1507 Motion. Given the near-duplication of the issues, we believe his second filing was more closely akin to a motion to alter or amend the ruling of the district court on the 2013

Motion, despite how it was labeled by Novotny. K.S.A. 2015 Supp. 60-259(f) provides that such a motion to alter or amend judgment must be filed within 28 days after the entry of judgment. Since the 60-1507 Motion was filed 16 days after the district court announced the summary denial of the first motion, it was clearly timely under the statute.

As our Supreme Court has noted, the purpose of K.S.A. 2015 Supp. 60-259(f) is to give the trial court the authority to reconsider its prior findings of fact and conclusions of law and make what it deems to be any amendments and alterations thereto. See *In re Marriage of Willenberg*, 271 Kan. 906, 910, 26 P.3d 684 (2001).

Since the same judge refused to hear the ineffective counsel claims at sentencing and then summarily denied the first motion without taking evidence, Novotny has effectively been denied the chance for any meaningful hearing on those claims. Thus, even if we were to consider this current K.S.A. 60-1507 motion as a second or successive motion, we could not say justice would not be served by reaching the merits of this subsequent motion. In fact, we are satisfied that the interests of justice do require such a hearing on the merits, particularly in light of the fact that Ney was removed from the case by the trial court and replaced by Osburn.

Thus the two things we would need to evaluate the justice of the proceedings below, evidence and findings on Novotny's ineffective assistance of counsel claims, are both missing from the record. We cannot hold that the record conclusively shows Novotny was entitled to no relief.

The State suggests that short of ordering an evidentiary hearing, this court should return the case to the starting point so the district court can decide again whether to rule summarily, appoint counsel for a preliminary hearing, or appoint counsel for a full evidentiary hearing. See *Bellamy v. State*, 285 Kan. 346, 354-55, 172 P.3d 10 (2007). But

because it seems obvious to us that a full evidentiary hearing on Novotny's ineffective counsel claims is required, the State's suggestion is without merit.

The decision of the district court in summarily denying this action is reversed, and the case is remanded for appointment of counsel and an evidentiary hearing on the first five ineffective assistance claims raised by Novotny in his 60-1507 Motion.