NOT DESIGNATED FOR PUBLICATION

No. 119,969

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
*Appellee*,

v.

WILLIAM K. TAYLOR JR. (DECEASED), *Defendant*, and JANET Y. TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed August 30, 2019. Affirmed.

*Janet Y. Taylor*, appellant pro se.

*Michelle M. Masoner*, of Bryan Cave Leighton Paisner LLP, of Kansas City, Missouri, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and WARNER, JJ.

PER CURIAM: JPMorgan Chase Bank National Association (JPMorgan) started foreclosure proceedings against Janet Y. Taylor (Janet) and her deceased husband's estate, eventually obtaining a summary judgment ruling. JPMorgan bought the property at a sheriff's sale for the full amount of the in rem judgment and filed a motion with the court to confirm the sale. The district court confirmed the sale the same day without notifying Janet of the order and before Janet filed any objection to the sale. Her motion to reconsider was denied. Janet appeals to this court asserting that the district court abused its discretion when it (1) confirmed the sheriff's sale before considering her objections

1

and (2) denied her motion for reconsideration of the order confirming the sheriff's sale. Because we find that the district court did not abuse its discretion in denying her motion for reconsideration, we affirm.

FACTUAL AND PROCEDURAL HISTORY

The parties are aware of the facts of this case, and we will not repeat them all here. See *JPMorgan Chase Bank v. Taylor*, No. 111,754, 2015 WL 4094278 (Kan. App. 2015) (unpublished opinion) (*JPMorgan I*). The case comes to us for the third time following a remand by this court for the district court to make clear findings of fact and conclusions of law about its reasons for denying Janet's timely motion for relief from its order confirming the sheriff's sale of her property (Order). See *JPMorgan Chase Bank v. Taylor*, No. 117,774, 2018 WL 2170210 (Kan. App. 2018) (unpublished opinion) (*JPMorgan II*).

One week after this court issued its decision, Janet filed a second motion, this time for reconsideration of the Order, raising the same claims as she did in her first motion for relief. The district court conducted a hearing which Janet and a representative for JPMorgan attended. At the outset, the district court noted:

> "We are here, basically, for—based on a mandate from the appellate courts wherein the court—the appellate court found that I had not abused my discretion, but that I hadn't made findings of fact and conclusions of law with respect to my decision which dealt with the motion for relief from order confirming sheriff's sale *in rem* judgment and void sheriff's deed."

Janet asserted that the district court should vacate the Order and void the sheriff's deed. She asserted that JPMorgan provided no evidence of the fair market value of the property and thus its bid for the recovery amount of $42,839.31 was "manifestly unjust." Janet claimed that the fair market value ranged between $90,890 and $102,732, entitling

2

her to a surplus of at least $68,000. She alleged generally that JPMorgan engaged in racketeering and "stole [her] real property in equity." Lastly, Janet alleged that the district court "aid[ed] in stealing [her] real property in equity" by confirming the Order, which she claimed constituted an abuse of discretion.

In response, JPMorgan asserted that the panel's reversal was "purely procedural" because it concluded that the sale was presumptively appropriate under the statute. JPMorgan explained that the district court could address the procedural issues "by virtue of this hearing."

The district court found that "all issues with respect to the actual foreclosure" had been affirmed in the previous two appeals, so the court correctly declined to reopen those issues. The district court denied Janet's motion to reconsider, finding:

> "With respect to the directive by the Court of Appeals, the one thing that the Court failed to do was provide the defendant with a copy of the order that was entered after the Court denied the motion at the motion docket. The Court is also going to find that under K.S.A. 60-2415 that it basically states a sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate. A court can find that—can decline to confirm the sale if the bid was substantially inadequate.

> "There has been no evidence presented to the Court as to the allegation that the offer was—or the bid was substantially inadequate besides allegations based on prejudice and bias and big corporations. And the—as a result of that, the Court is going to find that the bid was adequate since it was for the full amount of the *in rem* foreclosure amount.

> "And under Supreme Court Rule 133(b), the Court further finds that that rule allows an adverse party to file a response within seven days. And as the appellate court found, the defendant did not file a response timely. Therefore, the Court is going to deny the defendant's motion."

3

Janet appeals.

## ANALYSIS

Janet raises two issues on appeal: (1) Did the district court abuse its discretion in confirming the sheriff's sale; and (2) did the district court abuse its discretion in denying her motion for reconsideration? Only the second question is properly before us for consideration based on our mandate. We have already determined that because of Janet's failure to file a timely challenge to the sheriff's sale, the district court did not err by confirming the sale for the full amount of the in rem judgment against the property. *JPMorgan II*, 2018 WL 2170210, at *3. But we concluded the district court did err by not providing this court with sufficient written findings, beyond a short minute note in the record, to allow meaningful review of its decision denying Janet's motion for relief. As a result, we remanded the case for the court to enter clear findings of fact and conclusions of law related to Janet's motion for relief. 2018 WL 2170210, at *5. The district court complied with our mandate, but Janet asserts that its findings and conclusions were insufficient to support its denial of the motion.

*Our standard of review is abuse of discretion.*

We review the district court's findings for an abuse of discretion. *AkesoGenX Corp. v. Zavala*, 55 Kan. App. 2d 22, 30-31, 407 P.3d 246 (2017), *rev. denied* 308 Kan. 1593 (2018) (denial of a motion for reconsideration reviewed for an abuse of discretion). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). In reviewing the district court's findings of fact and conclusions of law, we examine whether the court's findings of fact are supported by substantial competent evidence and whether the findings are sufficient to support the court's conclusions of law.

4

Substantial evidence is such legal and relevant evidence as a reasonable person might accept as sufficient to support a conclusion. *Owen Lumber Co. v. Chartrand*, 283 Kan. 911, 915-16, 157 P.3d 1109 (2007).

As noted we are only examining the district court's findings regarding Janet's motion for reconsideration. A motion for reconsideration is the same as a motion to alter or amend a judgment brought under K.S.A. 2018 Supp. 60-259(f). See *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89 P.3d 536 (2004); *AkesoGenX*, 55 Kan. App. 2d at 30. The purpose of a motion to alter or amend is to allow a district court to correct previous errors. *In re Marriage of Willenberg*, 271 Kan. 906, 910, 26 P.3d 684 (2001). It is not a chance to present additional evidence that the movant could have submitted previously. See *Antrim, Piper, Wenger, Inc. v. Lowe*, 37 Kan. App. 2d 932, 939, 159 P.3d 215 (2007). Janet has the burden to establish that the district court should reconsider its Order. And a party challenging the validity of a sheriff's deed has the burden of proving its invalidity. *Turner v. Steele*, 47 Kan. App. 2d 976, 988, 282 P.3d 632 (2012). With those standards in mind, we review the district court's decision.

*The district court did not abuse its discretion.*

The district court has a duty to provide adequate findings of fact and conclusions of law on the record explaining its decision on contested matters. Supreme Court Rule 165 (2019 Kan. S. Ct. R. 221). Upon remand from this court, the district court made adequate findings of fact and conclusions of law for us to exercise appellate review.

The district court began by recognizing that state law provides that the district court may decline to confirm a sheriff's sale where a bid is substantially inadequate, but that "[a] sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate." K.S.A. 60-2415(b). This is an accurate conclusion of law.

5

That said, Janet's primary contention at the motion to reconsider hearing was that JP Morgan's bid for the full amount of the in rem judgment, $42,839.31, was "substantially inadequate" given the large amount of equity remaining. A review of the record reveals that the sheriff's return did list the county appraisal of the property in 2015 as $93,620. But simply because the bid was for less than fair market value does not mean it was "substantially inadequate" under the statute. In fact, under the statute if the bid is for the amount of the in rem judgment, the law deems it adequate. The reason for such a presumption when the full amount of the judgment is bid is clear. As our court explained in *Reverse Mortgage Solutions., Inc. v. Goldwyn*, 56 Kan. App. 2d 129, 133, 425 P.3d 617 (2018):

> "[T]he bid price sets the amount the property owner can pay to 'redeem' the property, thus reclaiming it. See K.S.A. 2017 Supp. 60-2414(a). So if the bid price was lower than fair-market value, it would have been to [the property owner's] benefit, giving her the opportunity to reclaim the property at the lower price and still have some equity in it."

The district court is generally only required to consider the fair market value of the foreclosed property if the bid is "less than the full judgment, taxes, interest, and costs." See *Olathe Bank v. Mann*, 252 Kan. 351, 362, 845 P.2d 629 (1993). That situation typically leads to a deficiency judgment for someone like Janet and conflicts with the district court's statutory goal to ensure that there is no unfairness to the borrower. See 252 Kan. at 362. That is not the case here because this was purely an in rem judgment with no possibility of a deficiency judgment against Janet. It also allowed her the opportunity to redeem the property at the lowest price possible.

The district court found:

> "There has been no evidence presented to the Court as to the allegation that the offer was—or the bid was substantially inadequate besides allegations based on prejudice

6

and bias and big corporations. And the—as a result of that, the Court is going to find that the bid was adequate since it was for the full amount of the *in rem* foreclosure amount."

In its written order, the court held that there was nothing presented to "[cause] the Court to reject the presumption in the statute that a full-debt bid is confirmable." There is substantial competent evidence to support the district court's findings.

Janet made no argument that she was prohibited from redeeming the property. She was aware of her 12-month redemption period. She was aware of the date of the sheriff's sale and the sale price because she objected to the sale, albeit untimely. Janet presented no support, either at the hearing or on appeal, for her position that whenever the bid at the sheriff's sale is for less than the fair market value of the property, the property owner is entitled to a surplus payment from the judgment creditor—which is what she ultimately seeks. Although she suggested that the court was biased against her, she submitted no support for her general allegations except to claim that by buying the property at less than the fair market value JPMorgan and the court were stealing her equity.

In sum, Janet filed an untimely objection to the sheriff's sale and a timely motion to reconsider the denial of her motion. Upon mandate from this court, the district court conducted a hearing on her motion—satisfying any due process concerns. The court found that she had failed to submit sufficient evidence to overcome the statutory presumption that "[a] sale for the full amount of the judgment, taxes, interest and costs shall be deemed adequate." K.S.A. 60-2415(b). Moreover, she failed to present evidence to support her claim of biased and unequitable treatment. Based on a review of the hearing, the written motions and responses, and the district court's oral and written findings, we find no abuse of discretion in its denial of Janet's motion to reconsider.

Affirmed.

7